Argued March 20; affirmed September 16, 1930

# GABRIELSON *v.* DIXON

### (291 P. 494)

*Glen R. Metsker* of St. Helens for respondent.

*Frank Hesse* (Norblad & Hesse of Astoria, on brief) for appellant.

RAND, J.   The plaintiff, Hannah Gabrielson, as administratrix of the estate of John Gabrielson, her deceased husband, brought this action against defendant to recover damages on account of the death of her intestate which was caused, the complaint alleges, by the negligence of defendant.   The wrongful act complained of in the complaint was that as plaintiff's intestate was riding in an automobile on a public highway in Columbia county and about to pass an automobile proceeding in the opposite direction, defendant was driving an automobile also going in the opposite direction than that in which plaintiff's intestate was

proceeding; that defendant, in attempting to pass the other automobile, drove his car on the wrong side of the road and brought it into collision with the car in which plaintiff's intestate was riding, thereby causing plaintiff's intestate to sustain personal injuries from which he died a few hours thereafter.

The action was brought under Or. L., § 380, which provides that:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission,"

and it also provides that "the amount recovered, if any, shall be administered as other personal property of the deceased person." In actions brought under this section, the true measure of damages:

"is the pecuniary loss suffered by the estate without any solatium for the grief and anguish of surviving relatives, or pain and suffering of the deceased, and that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life, and which, as representing his net savings, would have gone for the benefit of his estate, taking into consideration his age, ability, and disposition to labor, and his habits of living and expenditure": *Carlson v. Oregon Short Line Ry. Co.*, 21 Or. 450.

During the trial of the cause which resulted in a verdict and judgment for plaintiff, the defendant requested the court to charge the jury as follows:

"In this connection I instruct you that plaintiff has failed to submit to you sufficient evidence from which you can determine that the deceased would have saved up or accumulated any money or property at the time

of his death and he outlived his natural life expectancy, therefore, I charge you that if you find your verdict for the plaintiff in this case, you can only award a nominal amount of damages.''

The trial court refused to give the requested instruction and its refusal is the sole error assigned.

The evidence tended to show that at the time of his death plaintiff's intestate was 41 years of age and had a life expectancy of 27.41 years; that he was a strong, able-bodied man in full possession of all his faculties, and that he was a hard-working and industrious man; that during the fishing season, lasting about four months each year, he followed the occupation of a fisherman, netting about $1,250 a year; that during the remainder of the year he either worked in a sawmill or in the woods, for which at one time he had been paid $8 or $9 per day, but at the time of his death he was being paid but $3.60 per day; that prior to his death, he had accumulated some property which he had lost in a trade and at the time of his death he had but little, if any, property.

Because the evidence showed that he had accumulated practically no property and was working for but $3.60 per day, defendant contended that he was entitled to have the jury instructed to return a verdict for nominal damages only. While, as has been said, there is great difficulty in determining the value of a life, yet the amount of compensation to be recovered in actions of this nature is a question for the jury and not a question of law for the court. The instruction requested, if given, would have taken the case from the jury and determined as a matter of law that if plaintiff's intestate had lived he would have accumulated

nothing during the remainder of his life. The amount of compensation to be recovered in the action "must depend to quite an extent upon the good judgment of the jury upon a consideration of all the facts and circumstances of each particular case under proper instructions as to the law applicable thereto": *McClaugherty v. Rogue River Electric Co.,* 73 Or. 135 (140 P. 64, 144 P. 569).

There was substantial evidence in the case justifying the verdict and it would have been error to have instructed the jury that only nominal damages could have been recovered in the action. Judgment affirmed.

COSHOW, C. J., and ROSSMAN, J., concur.