Argued at Pendleton October 25; reversed November 16, 1937

SCOTT *v.* BROGAN

(73 P. (2d) 688)

*Upton & DeArmond,* of Bend, for appellant.

*George H. Brewster* and *Virgil H. Langtry,* both of Redmond (Cunning & Brewster and Virgil H. Langtry, all of Redmond, on the brief) for respondent.

BAILEY, J. This action was instituted by Martha Scott, administratrix of the estate of Blanche Henderson, deceased, against the defendant John Brogan, to recover damages for the death of her decedent, alleged to have been caused by defendant's negligence in striking decedent, a pedestrian, with his automobile, at or near a street intersection in the city of Bend, Oregon. From a judgment in favor of the plaintiff in the sum of $5,500 the defendant appeals.

One of the principal questions involved on this appeal is that of the measure of damages in an action brought by a personal representative for the death of a decedent who was not an employee of the tort-feasor. Plaintiff's theory throughout the case was that the plaintiff was entitled to recover the amount of pecuniary loss to the children of decedent, computed in money or other benefits which they would have received from her had she continued to live her expected time, rather than the loss suffered by her estate.

Paragraph VI of the complaint is as follows:

"That the deceased was approximately 43 years of age *and was a good woman,* with saving habits and was rearing a family of nine children, seven of whom were minor children, *and said children, by the wrongful conduct of the defendant which caused the death of deceased, will not receive the care and attention of the deceased, who was a good woman* of excellent habits, thrifty and neat." (Italics supplied.)

■ The defendant filed a motion to strike out that part of the above paragraph written in italics, on the ground that the same was irrelevant, redundant and surplusage. The record fails to disclose any disposal of this motion and we are not at liberty to go beyond the record and determine from the conflicting statements of counsel the final disposition of the motion and the reason sug-

gested for the court's failure to enter an appropriate order.

The plaintiff was permitted to testify, over the objection of defendant, that decedent was at the time of her death the mother of nine children, six of them living with her and dependent upon her for support and maintenance. While she was on the stand she was asked the age of the youngest of said children, to which defendant objected on the ground that the question was incompetent, irrelevant and immaterial. In stating the reason for introducing such testimony counsel for the plaintiff stated: "We have to show the age of the youngest to show how long she was entitled to the money." The objection was overruled, and over defendant's objection the administratrix proceeded to state the age of each and every one of the nine children. She further testified that decedent was a good housekeeper, who could cook and sew well; that she was supplied approximately $48 a month through the Red Cross and Deschutes county; and that through her labor and efforts at home, with the financial assistance provided by relief agencies and additional funds earned by herself, she was able to provide food, clothing and shelter for the six children living with her. Testimony was also introduced to the effect that it would have been impossible to procure any other woman for less than $50 a month to do the work which decedent was accustomed to do in her home.

The court charged the jury as follows:

"And I further charge you that, should you come to a consideration of the question of damages, in determining the amount that plaintiff is entitled to, if any, you should fix the amount in such sum of money, if any, if paid at the present time, as would fairly compensate the estate for the actual pecuniary loss, if any, you may find from a preponderance of the evidence that it

has sustained by reason of being deprived of receiving from the deceased what it might reasonably have expected to receive had she continued to live.

"By pecuniary loss is meant the loss which may be computed in money or other benefits, if any, shown by the evidence, which the children would have received from the deceased had she continued to live her expected time, and you should render your verdict in a sum equal to the aggregate amount reduced to its present value.

*    *    * .    *    *

"Now, if you come to the question of damages and you are making an allowance of damages under these instructions, you are not permitted to allow any damages for solatium, for the grief and anguish of surviving relatives, or pain and suffering of the deceased. I further charge the jury that in assessing the damages, if any, to be awarded plaintiff, you are entitled to and you should consider the amount of pecuniary value of the work and services which the beneficiaries of the estate of the decedent might reasonably have expected to have received but for the death of the deceased."

To the giving of such instruction the defendant duly excepted. He also excepted to the refusal of the court to give the following instruction requested by him:

"The rule relative to the assessing of damages may be stated as follows: 'The proper measure of damages under our statute is the pecuniary loss suffered by the estate without any solatium for the grief and anguish of surviving relatives or pain and suffering of the deceased, and that loss is what the deceased would personally have earned by his intellectual or bodily labor in his business or profession during the residue of his life, and shall also represent her net savings, which would have gone for the benefit of her estate, taking into consideration her age, ability and disposition to labor, and her habits of life and expenditures.'

"That is to say, to be more explicit, that if you should determine that the plaintiff is entitled to damages, then the amount of damages allowed should be the

loss in money sustained by the estate, and you will not be permitted to allow anything for pain or suffering on the part of the deceased, nor for the grief and anguish of the surviving relatives.''

■ This action was brought under section 5-703, Oregon Code 1930, which provides that when the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the one causing such death, if the decedent, had he lived, could have maintained an action against the tort-feasor for injury done him by the same act or omission. The amount recovered is limited to $10,000 and must be administered as other personal property of the decedent. This court in *Carlson v. Oregon Short Line Ry. Co.*, 21 Or. 450, 457 (28 P. 497), in explaining the nature of the recovery under the above mentioned statute, said:

"After a careful and attentive examination and review of the authorities, we are of the opinion that the proper measure of damages under our statute is the pecuniary loss suffered by the estate without any *solatium* for the grief and anguish of surviving relatives, or pain and suffering of the deceased, and that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life, and which, as representing his net savings, would have gone for the benefit of his estate, taking into consideration his age, ability, and disposition to labor, and his habits of living and expenditure."

The rule thus enunciated has been consistently followed by this court in similar cases, one of the most recent of which is *Gabrielson v. Dixon,* 133 Or. 567 (291 P. 494).

■ In *McDaniel v. Lebanon Lumber Co.*, 71 Or. 15 (140 P. 990), an action was brought under the state em-

ployers' liability act (now section 49-1704, Oregon Code 1930) by the widow to recover damages for the death of her husband. There it was pointed out that under section 5-703, supra, the injury occasioned by the death constituted damage to the estate of the deceased, for the recovery of which an action could be maintained only by his personal representative, whereas the employers' liability act gave to certain enumerated persons, if in being and living in the United States, the right to recover for damages sustained, thereby necessarily excluding the decedent's estate. The amount of recovery under section 49-1704, supra, is unlimited and is to be measured by the pecuniary loss suffered by the person entitled to maintain the action.

*Perham v. Portland Electric Co.*, 33 Or. 451 (53 P. 14, 40 L. R. A. 799, 72 Am. St. Rep. 730), points out that: "Under Lord Campbell's Act, and similar statutes, the damages recovered belong to the designated beneficiary, and are measured by the value of the life taken to the particular person entitled to the benefit of the statute, while under our statute (section 5-703, supra) they belong to the estate, and are coextensive with the value of the life lost, without regard to its value to any particular person. In the one case the object of the action is to recover the pecuniary loss sustained by the designated relatives, and in the other the value of the life lost, measured, as near as can be, by the earning capacity, thriftiness, and probable length of life of the deceased, and the consequent amount of probable accumulations during the expectancy of such life."

It is admitted by counsel for the respondent that error was committed by the court in instructing the jury that the pecuniary loss suffered by the estate would be the loss computed in money or other benefits which the children of the decedent would have re-

ceived from her, had she lived her expected time, and that the verdict, if in favor of the plaintiff, should be in a sum equal to the aggregate amount of such pecuniary loss reduced to its present value.

■ The error into which the court was led as to the theory on which it tried the case and instructed the jury was brought about largely by counsel for the respondent, who relied upon the cases of *Stejskal v. Darrow,* 55 N. D. 606 (215 N. W. 83, 53 A. L. R. 1096), and *St. Louis-S. F. R. Co. v. Floyd,* 146 Okla. 42 (293 P. 250, 77 A. L. R. 1431), the former of which was based on a statute almost identical with Lord Campbell's Act, and the latter on the federal employers' liability act. From the opinions in those cases counsel for respondent prepared the instructions given by the court as hereinbefore quoted. It is urged, however, by the respondent that the error committed by the court in granting the instructions requested by him was not so prejudicial as to necessitate a reversal of the case. We cannot concur in that view. The benefits, financial and otherwise, of which decedent's children were deprived by her death, are by no means identical with the loss suffered by her estate. The erroneous instruction could only have misled the jury as to the basis upon which to compute its verdict.

■ The instruction requested by the defendant and refused by the court, as hereinabove set out, substantially states the law. Although purporting to be quoted from language used in *Carlson v. Oregon Short Line Ry. Co.,* supra, it was not taken verbatim from that decision, as is evident from the change and mixing of genders of the pronouns and the wording of the clause defining the loss as representing net savings. On a retrial of the case the instruction probably can be given more precisely, although it is not necessary, and often not

advisable, to follow the exact language used by the appellate court in stating the law in similar cases.

In *Carlson v. Oregon Short Line Ry. Co.*, supra, the court stated that: "There is an inherent difficulty in placing a pecuniary value upon human life; and in an action for the wrongful death of a person, the amount of damages recoverable must depend very much on the good sense and sound judgment of the jury, upon all the facts and circumstances of each particular case." In the instant case plaintiff's intestate was a widow and the mother of nine children, six of whom were minors dependent upon her and living with her. In taking care of those minor children the decedent was prevented from devoting more time than she did to gainful occupation outside her home. In addition to this fact the evidence shows that she was 43 years of age at the time of her death, and that she was industrious, with a disposition to labor, and thrifty. It is difficult to understand how it would be possible to show her earning capacity, industry and "habits of living and expenditure", without showing the size of the family that the decedent maintained principally by her own efforts, or at least showing the nature of her work. The extent of the inquiry into such matters must be left largely to the discretion of the trial judge, with a view to preventing the jury's being prejudicially influenced by undue emphasis on the situation of the decedent's dependents. Moreover, the jury should be instructed as to the exact purpose for which such evidence is introduced. See *Gillilan v. Portland Crematorium Assn.*, 120 Or. 286 (249 P. 627).

In *Gabrielson v. Dixon*, supra, the defendant assigned as error the failure of the court to direct a verdict for the plaintiff for nominal damages only. It was there pointed out that the decedent had accumulated

practically no property and was working for $3.60 a day. In holding that no error was committed in denying the motion for such a directed verdict, the opinion therein stated:

"While, as has been said, there is great difficulty in determining the value of a life, yet the amount of compensation to be recovered in actions of this nature is a question for the jury and not a question of law for the court. The instruction requested, if given, would have taken the case from the jury and determined as a matter of law that if plaintiff's intestate had lived he would have accumulated nothing during the remainder of his life. The amount of compensation to be recovered in the action 'must depend to quite an extent upon the good judgment of the jury, upon a consideration of all the facts and circumstances of each particular case under proper instructions as to the law applicable thereto'."

*Rekdahl v. Cheney*, 134 Or. 251 (293 P. 412), was an action brought by the administratrix of the estate of a minor decedent who was between 8 and 9 years of age at the time of death. Judgment for $2,500 was given for the plaintiff and on appeal the defendant contended that the court should have directed a verdict for the defendant. In answering that argument this court said: "Appellant complains of the submission of this cause to the jury because of the assumed inadequacy of the evidence upon the question of damages. To adopt the reasoning of appellant upon this phase of the case would have the effect of holding that there can be no substantial recovery where children are the victims, because, at the time, they had no earning capacity. The statement of such a rule carries its own refutation."

The appellant assigns as error the refusal of the court to grant his motion for a nonsuit. In order to dispose of this question it is necessary to state briefly the

facts in the case: The accident, as already noted, occurred on a street in the city of Bend, Oregon. The decedent started across First street in a southwesterly direction, at a point variously estimated as from 20 to 40 feet north of Revere street. First street has pavement 18 feet wide at that place, in the middle of the street, marked with a yellow line to designate the middle of the pavement. The crosswalk is not marked by lines on the pavement. To the north of the intersection of Revere street is a knoll on First street, the crest of which is estimated to be from 250 to 400 feet north of Revere street. Before crossing First street the decedent, who was accompanied by her son, looked to the north and the south and when she saw no car approaching proceeded to cross the street as above indicated. There is no evidence as to whether the decedent looked in either direction after she started to cross the street. When within a few feet of the westerly side of the pavement, and before reaching the unmarked crosswalk, she was struck by defendant's car, which came upon her from the north, and was killed.

It is the appellant's contention that the decedent was chargeable with contributory negligence in the following particulars: that she was not crossing the roadway within any marked crosswalk or any unmarked crosswalk at the end of a block, and that in crossing the street after she had left the middle of the pavement she was proceeding on the right-hand side of the street with her back to approaching automobiles. It is asserted that the law requires a pedestrian on the highway to walk on the left-hand side thereof, so as to face oncoming automobiles. Appellant does not, however, direct our attention to any particular statute, and the only law which we have been able to find relating to pedestrians who use the highways is section 55-2318, Oregon

Code Supplement 1935, which applies only to pedestrians on highways outside incorporated cities or towns.

■ The question of whether plaintiff's decedent was guilty of negligence and, if so, whether such negligence contributed to her death was a matter for the jury to determine from the facts in the case: *Keys v. Griffith,* 153 Or. 190, 194 (55 P. (2d) 15), and authorities therein cited.

The respondent suggests that in the event that the judgment is reversed and the cause remanded for a new trial this court limit the issues to be retried to the amount of damages only, arguing that the question of the defendant's negligence and consequent liability has once been passed upon by the jury adversely to the defendant. Numerous authorities are cited on the proposition that the appellate court has an inherent right in remanding a cause for a new trial to limit such retrial to one or more issues. In this connection, we are directed to the following: *Perkins v. Brown,* 132 Tenn. 294 (177 S. W. 1158, Ann. Cas. 1917A, 124) ; *Gasoline Products Co. v. Champlin Refining Co.,* 283 U. S. 494 (51 S. Ct. 513, 75 L. Ed. 1188) ; annotation, 7 A. & E. Ann. Cas. 116; 2 R. C. L. 287, § 241; 3 Am. Jur. 724, § 1226. This particular question does not seem to have been passed upon heretofore by this court; and we do not deem it necessary at this time to decide it, inasmuch as the matter is not thoroughly briefed, and for the additional reason that the record discloses that the question of defendant's liability was not fairly and accurately submitted to the jury.

The court in its instructions included this charge to the jury:

"Even though you find that the deceased was crossing the street at a place other than a crosswalk, if you so find, that fact does not necessarily bar plaintiff from

recovery. In order to find for the defendant on the defense of contributory negligence, you must find by a preponderance of the evidence that the deceased was crossing a street at a place other than the crosswalk and if she had been at the crosswalk the defendant would have seen her and had his car under control so that he would not have hit her.''

■ This instruction does not properly state the law. In order to prove contributory negligence on the part of decedent the defendant was not required to prove that had decedent been at the crosswalk the defendant would have seen her and had his car under control, and the accident would not have occurred. The instruction also seems to have taken from the jury the other allegations of defendant's answer concerning contributory negligence of the decedent.

The trial court further instructed the jury as follows:

''I might say here, there might be anything on the part of the plaintiff, on the part of the deceased, in a given case, I don't mean in this case, but, unless such negligence of either one or the other proximately caused an accident, why, it would not make any difference, it is the act that proximately causes the accident that is actionable in an action of this kind.''

■ This instruction was not a clear direction to the jurors as to their duties and must have left some confusion in their minds in determining defendant's liability.

■ The defendant's exception to the foregoing instructions was general and might not have been a sufficient basis on which to predicate error. We are now considering, however, the question of remanding the cause to the trial court and limiting further inquiry to the sole question of the amount of damages. Even had this court the authority to limit the retrial of a case to the matter

of damages only, which we do not here decide, this would not be a proper case to evoke the exercise of such authority, inasmuch as the record is not free from doubt as to the defendant's negligence, and that issue was not fairly submitted to the jury. On a retrial of the case all the issues framed by the pleadings, including those of defendant's liability and the measure of plaintiff's recovery, if any, should be submitted to the jury for its determination.

The other errors mentioned in appellant's assignments which have not been disposed of herein will probably not recur on a second trial, and without expressing any opinion as to them we hold that because of the errors of the court hereinbefore pointed out the judgment should be reversed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion. It is so ordered.

KELLY and ROSSMAN, JJ., not sitting.