Argued June 17; affirmed July 7, 1948

# MASON *v.* ALLEN ET AL.

195 P. (2d) 717

*W. W. McKinney,* of Salem, argued the cause and filed a brief for appellant.

*Allan G. Carson,* of Salem, argued the cause for respondents. With him on the brief was Bruce Spaulding, of Salem.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and HAY, Justices.

LUSK, J.

This was an action to recover damages for personal injuries suffered by the plaintiff as the result, she claims, of the negligent operation by the defendant Gilbert H. Allen, a minor, of an automobile alleged to have been owned by the defendant Hazel G. Allen. There was a verdict for the defendants, and the plaintiff has appealed from the consequent judgment.

The accident occurred about 7:30 P. M. on October 31, 1945, while the plaintiff, a woman then sixty-four years of age, was walking from the west to the east side of North Church Street in the City of Salem. She had just left her home, which was located on the west side of the street, and her intention was to board a north-bound bus, which she expected to reach that point in a few minutes. At the place where she crossed the street there was no crosswalk either marked or unmarked. The automobile driven by the defendant Gilbert Allen was at the time proceeding in a northerly direction on Church Street, and the collision occurred somewhere in the east half of the paved portion of the street. In other words, plaintiff had crossed the center of the street before she was struck. Her injuries were very serious.

■ The first assignment of error relates to the admission in evidence over plaintiff's objection of six photographs of the scene of the accident. The photographs were taken a few days before the trial and more than a year after the day of the accident, and the grounds of the objection were that they depicted a wet pavement, whereas the pavement was dry at the time of the accident, and that in one of the photographs the marks of automobile tires were shown. It is the plaintiff's contention that admission of the exhibits violated

the rule that photographs, to be admissible, must be shown by extrinsic evidence to be true and faithful representations of the place or subject as it existed at the time involved in the controversy. *Parker v. Smith Lumber Co.*, 70 Or. 41, 47, 138 P. 1061.

When the objection was made counsel for the defendants stated in substance that they claimed nothing either for the wet pavement or the tire marks; that, as to the former, they were not sure that the evidence would indicate a wet pavement at the time of the accident, although the answer of the defendant Gilbert H. Allen alleged that such was the fact. Before the testimony was concluded this allegation was abandoned, as the evidence did not support it. It was shown without contradiction that, aside from the two features upon which the plaintiff based his objection, the scene as portrayed by the photographs was substantially the same as it was at the time of the accident.

██ Under these circumstances we think that there was no error in the ruling and no possibility of prejudice to the plaintiff resulting from it. It was at least well within the court's discretion to admit the photographs in evidence. *Pond v. Jantzen Knitting Mills*, 183 Or. 255, 190 P. (2d) 141, 146, and cases there cited. While the general rule relied on by the plaintiff is well established, it is equally well settled that where photographs represent the *locus in quo* substantially as it was at the time of the occurrence, incidental differences not vital in character and for which no claim is made by the party offering the evidence, will not render it inadmissible.

"Photographs of the scene of an accident taken at or near the time are not always obtainable, and the only practical rule would seem to be that the changes must not be such as to destroy the sub-

stantial identity and that the changes, whatever they may be, should be carefully pointed out and brought to the jury's attention." 20 Am. Jur., Evidence, 611, § 731.

There was no error in the ruling complained of.

During the closing argument to the jury by Mr. Spaulding, one of the attorneys for the defendants, he read to the jury the following:

"Every pedestrian crossing a roadway at a point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles on the roadway."

The following colloquy then ensued:

"MR. McKINNEY: If it please the court, I don't want to object to counsel. I don't believe he is permitted to read the law to the jury.

"MR. SPAULDING: Can't read out of law books, is my understanding.

"MR. McKINNEY: I don't believe it is right. I think that is your Honor's privilege.

"THE COURT: If he misquotes the law, he can't do that, but if he is telling what the law is, he is arguing what he believes.

"MR. SPAULDING: Was there some point with references to the quotation that was wrong legally, Mr. McKinney?

"MR. McKINNEY: Go ahead, Bruce, I will submit to it.

"MR. SPAULDING: Obviously not. That has been the law for a long, long time. Pedestrians in places than a marked or unmarked crosswalk must yield the right of way to an automobile."

█ Although the plaintiff's brief describes the above incident under the heading "Appellant's Assignment of Error No. 2", no ruling of the court is assigned as error, nor could it have been, for there was no objec-

tion and consequently no ruling. There was nothing but a more or less academic discussion between court and counsel which wound up with an invitation of counsel for plaintiff to his adversary to "go ahead  *  *  * I will submit to it", so that if any objection had been made in the first place, which is contrary to the fact, it was waived in the end.

The practice of reading law to the jury by counsel—either from a book or a manuscript—is not one to be encouraged. *Lang v. Camden Iron Works,* 77 Or. 137, 148, 146 P. 964. It must be conceded, however, that the law is the major premise of every jury argument and it is not always possible to keep the premise inarticulate. It is difficult to see how a lawyer could argue a criminal case to a jury without referring to the rules of presumption of innocence and reasonable doubt, or how, in arguing a negligence case such as this, a lawyer could refrain from mentioning the conduct of a reasonably prudent person. But, aside from references to such elementary rules, about which there can be no difference of opinion, statements by counsel of their views of the law and predictions as to instructions that will be given by the court—save where the court has previously advised counsel on the subject— have no place in the argument. The trial judge has ample power to control the argument in this regard and should exercise it, for the jury, while exclusive judges of the facts, must look to the court, not to counsel, for guidance as to the law of the case. In *Lang v. Camden Iron Works,* supra, it was held that while it was "probably improper" to read a section of the Employers' Liability Act to the jury yet, "as the court in its charge instructed the jury that this action was brought under that act, and explained it fully to the jury, it does not appear that any injury to defendant

resulted from the action objected to." 77 Or. 137, 148, 146 P. 964. In the instant case the court in its charge to the jury read the same statute which counsel had read and instructed fully upon its proper application, so that, even though the remarks of counsel for plaintiff and of the court, above quoted, could be construed as an objection and an adverse ruling, we should have to hold that the plaintiff was not prejudiced and that no reversible error was committed.

The plaintiff assigns as error the court's refusal to give the following requested instruction:

"The right of way conferred by the statute is not inflexible and absolute, neither is it exclusive, nor one which may be exercised without due regard to the surrounding conditions and the safety and rights of others. Its exercise must at all times be reasonable and not arbitrary, and whenever danger to others may reasonably be anticipated from its exercise, due care and caution should be observed to prevent the injury, and I instruct you that no person can rely on his having the right of way as a defense for his own negligence."

■ The foregoing is substantially in the language used by Mr. Justice RAND, speaking for the court, in *Keys v. Griffith,* 153 Or. 190, 198, 55 P. (2d) 15. It is a correct statement of the law, although there is some question in our minds as to the propriety of charging a jury "that no person can rely on his having the right-of-way as a defense for his own negligence", for this language smacks somewhat of argument. This court has before this had occasion to observe that frequently it is not advisable in charging a jury to use the exact language of an appellate court opinion in stating the law in similar cases. *Scott v. Brogan,* 157 Or. 549, 556, 73 P. (2d) 688. But apart from this, it is well settled that the trial judge is not required

to instruct the jury in language selected for him by counsel, and that error cannot be predicated upon the refusal of the court to give a requested instruction, even though it be proper in form and substance, if the court covers the same matter in language of its own and correctly conveys to the jury the applicable legal principle. *Weinstein v. Wheeler,* 135 Or. 518, 531, 295 P. 196, 296 P. 1079; *Rayburn v. Day,* 126 Or. 135, 154, 268 P. 1002, 59 A. L. R. 1062. That precisely is what was done in this case, for, while the instructions do not use the term "inflexible", "absolute", "exclusive" or "arbitrary", they make specific application of the principle of law embodied in the request. For example, the court charged the jury that:

" * * * if in this case you should find that the plaintiff, Lena Mason, before starting to cross North Church Street from the west side saw the automobile of the defendant Hazel G. Allen approaching from the south, proceeding in a northerly direction at a distance that would lead a reasonable, prudent person to believe that under the circumstances he or she could cross the street before the automobile coming from the south would reach the point where she was crossing, then and in that event the plaintiff was under no obligation to stop or wait, but had the right to proceed to cross the street or highway."

The court further charged the jury that if the plaintiff was crossing the street at a place other than a regular pedestrian crosswalk such conduct would not necessarily be negligence on her part; that if at the time she commenced such crossing there was no traffic approaching within such distance as to reasonably indicate danger she would have the right to proceed across the street; that North Church Street, where the accident occurred, is a highway; that the highways in

this state are for the use of the public generally; that no person has the exclusive right to the use of the road or highway, but he must use the same having due regard for the rights of others and he must exercise due care to avoid injury to others who are lawfully using the highway.

■ In view of the foregoing and other instructions which fully and correctly explained the rules of law applicable to the question of right of way as between a pedestrian and a motorist, and clearly stated the duty of a motorist in the circumstances, there was no error in refusing to give the requested instruction.

Plaintiff assigns as error the court's refusal to give the following requested instruction:

"Plaintiff charged in her amended complaint that the defendants were negligent in the operation of the automobile at and immediately prior to the time of the collision by failing and neglecting to give audible warning or other warning with his horn or other warning device, but attempted to pass or overtake plaintiff. *In this regard you are instructed that if you find from the evidence that it is a fact that the defendant, Gilbert Allen, did not sound any warning or otherwise notify plaintiff of the proximity to plaintiff, then the defendant, Gilbert Allen was not necessarily bound to sound any warning to warn plaintiff of the approach of said automobile,* but his duty in that regard was to operate said automobile with that degree of care, caution and prudence which the ordinary careful, prudent person would have operated it under like or similar circumstances. In other words, there is no statutory requirement or requirement of law, charging a person to sound a warning or horn under circumstances such as this, but the proposition would be measured entirely by whether or not a reasonably prudent person would have sounded a

horn or warning under all of the circumstances then and there existing." (Italics added.)

One of the charges of negligence in plaintiff's complaint was that the defendants "failed to give an audible warning or other warning with his horn or other warning device before attempting to pass or overtake said plaintiff." There was evidence to support the foregoing allegation, and plaintiff therefore was entitled to have that issue submitted to the jury with a statement of the applicable law, provided she submitted a requested instruction proper in form and substance; but "error can not be predicated * * * upon the refusal to give an instruction which does not clearly, concisely, and accurately cover the points in issue." *Diller v. Riverview Dairy*, 133 Or. 442, 448, 288 P. 401. See, also, *Hooning v. Henry*, 106 Or. 605, 611, 213 P. 139; *Pugsley v. Smyth*, 98 Or. 448, 466, 194 P. 686; *Sorenson v. Kribs*, 82 Or. 130, 145, 161 P. 405. As the case last cited shows, this court adheres to the rule that, although each party is entitled to have his theory of the case, when supported by competent evidence, submitted to the jury, no failure of the court in this respect will be considered on appeal except upon the denial of a requested instruction which correctly states the law applicable to the case.

The court was fully warranted in refusing to give the requested instruction under consideration because it is neither clear nor concise. The portion which we have italicized is only intelligible after close study and even then one cannot be sure of its meaning. Had the instruction been given it would more than likely have produced confusion in the minds of the jury.

While the instructions do not specifically apply the "reasonably prudent person" rule to the particular

issue of failure to give a warning, the court did submit that issue to the jury, and told the jury more than once that "negligence in the absence of statute is the failure to do that which an ordinarily prudent person would have done under similar circumstances, or the doing of that which an ordinarily prudent person would not have done under similar circumstances." It must be presumed.that the jury applied that standard to the issue of failure to give a warning, as well as to the other issues of negligence tendered by the complaint.

■ The plaintiff assigns as error the refusal of the court to give an instruction as to whether the injuries sustained by the plaintiff were permanent. There is no merit in this assignment for the reason that the jury never reached the question of damages, but found in favor of the defendants on the issue of liability. The argument in the plaintiff's brief that the verdict might have been in her favor had the jury been advised that they could award her damages for permanent injuries does not appeal to us as sound. The questions of liability and damages were, of course, entirely unrelated.

Finally, the plaintiff assigns as error the court's denial of her motion to set aside the verdict and to grant a new trial. The motion was based on the same alleged errors that we have previously discussed and its denial, therefore, presents no questions for our consideration.

There is no error in the record. The trial was conducted with conspicuous fairness. The instructions were full and carefully prepared. Plaintiff's real grievance is that the jury decided the case wrongly, but obviously this court can do nothing about that.

The judgment is affirmed.