## HARR *v.* OLSON

364 P. 2d 1013

*Winfrid K. Liepe,* Portland, argued the cause for appellants. With him on the briefs were Maguire, Shields, Morrison, Bailey & Kester, of Portland.

*Roger Tilbury,* Portland, argued the cause for respondent. On the briefs were Alexander & Tilbury of Portland.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Brand, Justices.

SLOAN, J.

On August 22, 1958, plaintiffs, husband and wife, were struck by defendant's automobile while plaintiffs

were walking across Highway 30 near Boardman. These consolidated actions followed. Plaintiffs obtained verdicts and defendant appeals from the judgments entered on the verdicts.

The most debated assignment concerns an instruction on the right-of-way of the pedestrians, crossing a highway other than in a crosswalk, versus motorists. The instructions given and complained of were taken from California Jury Instructions, 201-A, P 548 and were as follows:

"It is provided by statute of this state that every pedestrian crossing a roadway at any other place than within the marked or unmarked crosswalk shall yield the right-of-way to vehicles upon the roadway.

"This section does not relieve the driver of a vehicle or a pedestrian from the duties to exercise due care.

"You are instructed that any violation of this rule of the road would be negligence per se or negligence in and of itself.

"In connection with the foregoing rule of the road where the pedestrian crosses at any place other than a marked or unmarked crosswalk, the law requires him to yield the right-of-way to all vehicles on the roadway so near as to constitute an immediate hazard, although this requirement does not relieve the driver of a vehicle from the duty to exercise ordinary care for the safety of any pedestrian on a roadway. The amount of caution required to constitute ordinary care increases or decreases as the danger that a reasonably prudent person in like position would apprehend in a situation. You may ask yourself the question, "When is a vehicle so near a pedestrian as to be an immediate hazard?" The answer is that the vehicle is that near whenever if a reasonably prudent person were in the pedestrian's position and acting as a reasonably prudent person, he

would apprehend the probability of an accident were he then to attempt crossing the path of the approaching vehicle. Did the pedestrian, acting as a reasonably prudent person, find, if he did so find, the automobile approaching within such distance as to reasonably indicate danger of collision? If he did so, then the car was so near as to constitute as immediate hazard."

Although the precise language of this instruction has never before received the attention of this court it says the same thing that this court has said with different words. *Mason v. Allen, et al,* 1948, 183 Or 638, 644, 195 P2d 717. There was no error in giving this instruction.

Defendant's other assignments of error have been answered by this court in prior decisions. There is no need to repeat what has been said before.

Judgment affirmed.