Argued March 8, reversed and remanded March 27, 1968

JOHNSON, *Respondent, v.* REXIUS ET AL,
*Appellants.*

439 P. 2d 11

EDWARD LEAVY, Judge.

*William E. Flinn,* Eugene, argued the cause for appellants. With him on the briefs were Jaqua, Wheatley & Gardner, Eugene.

*Kenneth A. Morrow,* Eugene, argued the cause for respondent. With him on the brief were Venn, Mulder, Morrow & McCrea, Eugene.

Before O'CONNELL, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

This is an action for damages arising out of an automobile accident. Defendants appeal from a judgment entered on a verdict for plaintiff.

Plaintiff was operating her vehicle south on Country Club Road near the city of Eugene. Defendants were operating a fuel truck in a northerly direction on the same roadway. At the intersection of Southwood Lane with Country Club Road, defendant made a left-hand turn in front of plaintiff and a collision occurred between the two vehicles in plaintiff's lane of travel. Defendants were negligent.

Defendants assign as error the court's removal of the issue of contributory negligence by plaintiff from the jury's consideration. There was evidence from which the jury could have found that the truck's turn signals were operating for 100 feet prior to making the turn and that the truck had slowed down preparatory to making the turn. Plaintiff neither saw the turn signals nor noticed that the truck was slowing its speed. She did not know whether she had seen the truck turn into her lane of travel.

Plaintiff admits that there was evidence from which the jury could find that she was negligent for failing to maintain a lookout, but contends that there was no evidence from which the jury could find that such negligence was a substantial factor in causing the accident. She argues that had she seen the turn sig-

nals and the slowing of the truck, she still would have had a right to assume, until the truck actually started its turn in front of her, that defendants would observe the law and concede her the right of way. She contends that there was no evidence from which it could have been inferred that, at the time the truck signalled and decelerated, she was a sufficient distance from the truck to avoid the collision.

A driver with the right of way, nevertheless, has a duty to maintain a lookout for other drivers who would take the right of way. *Wilson v. Overbey,* 223 Or 256, 260, 354 P2d 319 (1960). The right of way conferred by statute is not absolute but must be exercised with due regard to attendant circumstances. *Van Zandt v. Goodman et al,* 181 Or 80, 89, 179 P2d 724 (1947). The jury could have found that had the manner of the truck's operation been observed, a reasonably prudent person would have concluded that there might be danger and would have reduced speed and controlled the car sufficiently to avoid the collision. In *Van Zandt* the accident occurred in a manner similar to the accident herein, only it was the defendant who operated the vehicle that had the right of way. Defendant therein offered the same contention offered by the plaintiff in the instant case. This court said at page 97:

> "Now the argument on behalf of the defendant which we have already referred to is that he was not required to take any precautions until Cooper started to cross the highway. The basis of this contention is that the defendant had the right to assume that Cooper would obey the law, and to continue to rely upon that presumption until he knew, or should have known, the contrary. But whether or not the defendant should have become aware of facts that would indicate to a reasonably

prudent driver in his position that Cooper was going to attempt to take the right of way is not, under the evidence here, a question of law, but of fact. For the court to say that he was justified in proceeding as though there were no other automobiles on the highway, and no reasonable likelihood of a collision, would be to ignore the basic proposition that the requirement of due care in the operation of an automobile applies as well to the motorist who has the right of way as to him who does not. * * *" *Van Zandt v. Goodman et al, supra.*

The court erred in taking the issue of contributory negligence from the jury's consideration. The judgment is reversed and the case is remanded for a new trial.