Argued October 28, 1970, affirmed January 27, 1971

STAHL, *Respondent, v.* TOBIASSON,
*Appellant.*

479 P2d 751

*Dale Jacobs*, Oregon City, argued the cause for appellant. With him on the brief were Hibbard, Jacobs, Caldwell & Canning, Oregon City.

*Arthur C. Johnson*, Eugene, argued the cause for respondent. With him on the brief were Johnson, Johnson & Harrang, Eugene.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN and HOWELL, Justices.

HOWELL, J.

Defendant appeals from a judgment entered against him in an action for personal injuries arising out of an auto accident occurring at an intersection in Eugene, Oregon.

The defendant presents only one assignment of error. Although the trial court instructed the jury[1] concerning the statutory right of way between two vehicles at an intersection, the defendant contends the trial court erred in refusing to give Instruction No. 70.16 of the Oregon State Bar Uniform Jury Instructions to the effect that the statutory right of way is not absolute.[2]

A brief statement of the facts is necessary.

Plaintiff was driving her automobile north on Agate Street, a four-lane through street with islands separating the northbound and southbound lanes. The defendant was proceeding east on 13th Street, a two-

[1] ORS 483.202 (2) *as amended*, ORS 483.202 (4) [1969].
"The driver of any vehicle who has stopped or has yielded the right-of-way as required by law at the entrance to a through highway shall yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard. Having so yielded, such driver may proceed, and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

[2] Instruction No. 70.16: "The right of way conferred by statute is not absolute. Neither is it exclusive nor one which may be exercised without due regard to the surrounding conditions and the safety and rights of others. Its exercise must at all times be reasonable and not arbitrary and, whenever danger to others may reasonably be anticipated from its exercise, due care and caution should be observed to prevent such injury."

lane street which intersects with Agate Street. Stop signs required vehicles on 13th Street to stop before entering Agate Street. Visibility was good, and there was no other traffic in the vicinity on Agate Street. As plaintiff approached the intersection she was driving 20 miles per hour, which was five miles per hour less than the posted limit. Plaintiff testified that she first saw defendant's car when it was at the concrete divider in the middle of the street.

The defendant testified that he stopped at the stop sign, looked both ways, and started across the intersection. He did not see plaintiff's vehicle until it "was practically in front" of him, and his car hit plaintiff's vehicle on the left front door. Defendant explained that he did not see plaintiff's car because it was red in color and one of the buildings in the background was constructed of red brick. The evidence is conflicting as to defendant's speed, but he stated that he was traveling less than 10 miles per hour.

A witness to the accident was stopped at the stop sign on 13th Street on the east side of the intersection, opposite the defendant. He saw plaintiff approaching the intersection and waited for her to clear the intersection before proceeding. In regard to defendant's speed at the intersection, he stated:

> "I would say, if the defendant had stopped for the stop sign, then he accelerated rather rapidly because he was going at a good clip when the collision occurred."

■ Under ORS 483.202 (2), after the defendant stopped, he was required to "yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an

immediate hazard." The plaintiff was within or closely approaching the intersection, but the defendant failed to see her. Consequently, the defendant did not follow the statute and yield to other vehicles within the intersection or approaching so closely as to constitute an immediate hazard. Plaintiff clearly had the right of way.

The defendant does not contend that plaintiff forfeited any right of way or that plaintiff was speeding. Defendant's only argument is that the court should have instructed the jury that plaintiff's right of way was not absolute and that plaintiff was required to exercise due care and caution for others.

It is true that this court has, on many occasions, expressed the rule that the right of way is not absolute. The decision of this court in *Keys v. Griffith*, 153 Or 190, 55 P2d 15 (1936), was the basis for the language used in the Uniform Jury Instruction No. 70.16. In *Keys*, the court stated:

> "The right of way conferred by the statute is not inflexible and absolute. Neither is it exclusive nor one which may be exercised without due regard to the surrounding conditions and the safety and rights of others. Its exercise must at all times be reasonable and not arbitrary and, whenever danger to others may reasonably be anticipated from its exercise, due care and caution should be observed to prevent such injury: * * *." 153 Or at 198.

The above rule has been reiterated in many cases, including *Johnson v. Rexius*, 249 Or 465, 439 P2d 11 (1968); *Bush v. Johnson*, 237 Or 173, 390 P2d 932 (1964); *Van Zandt v. Goodman*, 181 Or 80, 179 P2d 724 (1947); *Davis v. Lavenik*, 178 Or 90, 165 P2d 277 (1946).

In *Mason v. Allen*, 183 Or 638, 195 P2d 717 (1948), the plaintiff, a pedestrian, was struck by the defendant's car while the plaintiff was crossing a street outside the crosswalk area. One of the errors assigned by plaintiff was the court's failure to give a requested instruction on right of way. The requested instruction was almost identical to the instruction used in *Keys* and therefore a correct statement of the law. However, this court held that the trial judge was not required to give an instruction in the language requested if the court covered the same matter in language of its own and correctly conveyed to the jury the applicable legal principle.

The substance of the requested Instruction No. 70.16 is that the driver having the right of way must still exercise due care and caution for the rights and safety of others. In the instant case, the defendant alleged only two grounds of contributory negligence against the plaintiff: that the plaintiff (1) failed to keep a proper lookout and (2) failed to keep her vehicle under proper control. No other grounds of contributory negligence are involved.

After instructing the jury that the defendant charged the plaintiff with failure to keep her car under control and to keep a lookout, the court fully instructed the jury regarding the duties pertaining to lookout and control and that all drivers have the duty to exercise reasonable care to prevent injuries to others.

■ We believe that the jury was adequately instructed that the plaintiff, who, under the circumstances of this case, had the right of way, also had the duty to use reasonable care, to keep a reasonable

lookout, and to keep her car under reasonable control for the safety of the defendant.

It was not error for the court to fail to give the instruction requested by the defendant.

Affirmed.