Argued May 4, affirmed June 14, 1972

BRUCE, *Appellant, v.* SYLWESTER, *Respondent.*

497 P2d 1152

348

Ray G. Brown, Portland, argued the cause and filed briefs for appellant.

Frederic P. Roehr, Portland, argued the cause for respondent. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

HOLMAN, J.

This is an action for damages for personal injuries arising out of an automobile accident. Plaintiff appeals from a judgment for defendant which was entered pursuant to a jury verdict.

■ Between the time of the accident and the trial of the case, the legislature adopted the law of comparative negligence.① Plaintiff contends the trial court erred when it applied the law of contributory negligence, rather than that of comparative negligence. During the pendency of the appeal, this issue was decided contrary to plaintiff's contention, *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972).

■ Plaintiff also contends the trial court erred

① Oregon Laws 1971, ch 668, p. 1516.

when it submitted to the jury the issues of the adequacy of plaintiff's lookout and control. Plaintiff argues that there was no evidence of lack of lookout or control on his part. There was evidence from which the jury could find that preparatory to making a left-hand turn, plaintiff stopped abruptly in front of defendant. It could also have found that plaintiff was compelled to stop because of oncoming traffic before making the turn and that he did not signal his intention to turn left. The jury could have inferred therefrom that plaintiff observed neither that defendant was immediately behind him nor, until the last second, that there were oncoming vehicles which would interfere with the left-hand turn he anticipated making. It could also infer from the necessity for a fast stop that plaintiff had not theretofore had his vehicle under proper control. The trial court did not err.

■■ Lastly, plaintiff contends the trial court erred when it permitted defendant's attorney, over objection, to tell the jury in his argument that the law provides that every driver is entitled to assume that another driver will obey the law. There were other statements of similar vein concerning the law, but no objection was made thereto. The extent to which the law may be mentioned or referred to in jury argument is one of the most amorphous phases of the law. In many instances, it is impossible to make an intelligible and logical argument without demonstrating how the facts are relevant to the law that is involved. The rule was stated about as clearly as is possible by Mr. Justice LUSK in *Mason v. Allen,* 183 Or 638, 644, 195 P2d 717 (1948), when he said:

> "* * * It must be conceded, however, that the law is the major premise of every jury argument and it is not always possible to keep the premise

inarticulate. It is difficult to see how a lawyer could argue a criminal case to a jury without referring to the rules of presumption of innocence and reasonable doubt, or how, in arguing a negligence case such as this, a lawyer could refrain from mentioning the conduct of a reasonably prudent person. But, aside from references to such elementary rules, about which there can be no difference of opinion, statements by counsel of their views of the law and predictions as to instructions that will be given by the court—save where the court has previously advised counsel on the subject—have no place in the argument * * *."

It is our conclusion that the rule of law in question is as elementary in its nature as those rules mentioned in the quoted material and that it would be difficult to make an intelligible argument without some reference to it.

■ Plaintiff complains that defendant subsequently stated, after having been given permission by the court to continue, that a person has an *absolute* right to assume that another will obey the law, and that this is not a correct statement of the law under all circumstances. Be that as it may, there is no contention that the trial court did not properly instruct on the law of the subject and we believe no prejudice resulted.

The judgment of the trial court is affirmed.