Argued May 10, affirmed June 21, 1977

# HUETTL, *Appellant,*
### *v.*
# HUETTL, *Respondent.*
### (TC 19546, SC P-2501)
#### 565 P2d 752

Neil R. Bryant, Bend, argued the cause for appellant. With him on the briefs were Gray, Fancher, Holmes & Hurley, Bend.

Edward H. Warren, Portland, argued the cause for respondent. With him on the brief were William H. Mitchell and Hershiser, Mitchell & Warren, Portland.

Before Denecke, Chief Justice, and Howell, Lent and Tompkins, Justices.

TOMPKINS, J., Pro Tempore.

**TOMPKINS, J.,** Pro Tempore.

This is a tort action in which the plaintiff seeks to recover for personal injuries caused when the defendant drove his vehicle into the rear of plaintiff's vehicle. Plaintiff, George Huettl, is the uncle of defendant, Donald Huettl. The collision occurred on June 29, 1973, on a private road owned by Earnest Sandidge, who was in plaintiff's automobile at the time. Plaintiff had previously sold to Mr. Sandidge the property over which the road traveled. Defendant owned property behind that sold to Sandidge and used the road as access to his property for himself and renters who lived on his land. When Sandidge bought the property he was informed that defendant and the renters would not be using the road anymore. Defendant asserted that he had a valid easement and was entitled to continued use of the road. The dispute continued for a long period of time and, in an effort to settle the matter, plaintiff came to Sandidge's property on June 29, 1973.

After a conversation with plaintiff's attorney, a barricade across the road was erected by Sandidge and the plaintiff, and the two men sat in plaintiff's automobile by the blockade. Plaintiff testified that he wanted to discuss the problem with the defendant and that he expected that the defendant would go to an attorney and come to the barricade to have it removed. Instead, defendant was able to avoid the barricade by driving off the road and around it. Defendant, twice during the day, drove into and out of his property using this detour without stopping to talk to Sandidge and plaintiff. As late afternoon approached, defendant entered his property, using the detour once again. Plaintiff, wanting to talk with defendant before he left, moved his automobile to a point between the county road which the private driveway adjoined and the point where the detour rejoined the private road. Plaintiff parked his automobile so that it completely blocked the road at a point 15 to 40 feet from the curve which marked the beginning of the detour. Defendant,

returning from his property, used the detour and after turning onto the private road, struck the plaintiff's automobile from the rear. Plaintiff's automobile was pushed forward some 40 feet and into a light pole.

Plaintiff filed this action, alleging that the defendant's negligence caused the plaintiff's personal injuries. Plaintiff's complaint contained a second count, alleging recklessness on the part of defendant and seeking punitive damages. This count was voluntarily withdrawn prior to submission of the case to the jury. Defendant's answer claimed contributory negligence. After a trial the jury returned a verdict in favor of the defendant. Plaintiff appeals, assigning as error the trial court's refusal to strike specific allegations of negligence from defendant's answer, the trial court's refusal to grant a directed verdict in plaintiff's favor on the question of defendant's negligence, and the overruling of plaintiff's objections to questions concerning the dispute over the use of the road.

The defendant's answer alleged six specifications of contributory negligence. Of these, the trial court, at the conclusion of the evidence, struck lack of control, improper stopping and failure to yield the right-of-way. Improper lookout, improper parking, and failure to exercise reasonable care were allowed to remain as specifications of contributory negligence. The plaintiff claims there was insufficient evidence to support the allegations concerning lookout and parking.

A portion of Uniform Jury Instruction No. 10.02 (Oregon State Bar 1974) states:

> "The care should be in keeping with dangers, apparent or reasonably to be expected at the time and place in question, and not in the light of after effects or hindsight."

The "greater the danger the greater the care" rule required the plaintiff to be on the lookout for the defendant's return, and to position his car properly for the anticipated meeting.

There was a conflict in the testimony about the

extent and nature of visibility the plaintiff had of the defendant.

One version of the testimony was that the plaintiff had 200 feet of unobstructed visibility in the direction the defendant was coming. The jury could have inferred that had the plaintiff been keeping a proper lookout, he would have seen the defendant's vehicle in time to extricate himself from his car as it blocked the road.

In *Hess v. Larson,* 259 Or 282, 289, 486 P2d 533 (1971), we said:

> "As a rule this court has refused to decide questions of negligence, especially in automobile accident cases, as a matter of law. Where there is evidence upon which the jury can base a determination, questions of negligence and contributory negligence are for the jury and not for the court. See, e.g., *Johnson v. Rexius,* 249 Or 465, 439 P2d 11 (1968); *Rough v. Lamb* [240 Or 240, 401 P2d 10 (1965)]; *Troupe v. Ledward,* 238 Or 531, 395 P2d 279 (1964); *Owens v. Goss* [235 Or 102, 383 P2d 1013 (1963)]. We departed from this rule in *Lehr v. Gresham Berry Growers et al,* 231 Or 202, 372 P2d 488 (1962) and as a consequence found ourselves determining questions of fact which properly belonged to the jury. We overruled the *Lehr* case for this reason in *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965) and have since refused to determine questions of negligence as a matter of law in all but the most exceptional accident cases. This position was reiterated in *McPherson v. Cochran* [243 Or 399 at 402, 414 P2d 321 (1966)]." 259 Or at 286-287.

See also *Mennis v. Highland Trucking, Inc.,* 261 Or 233, 492 P2d 464 (1972). The present case is not one of the "exceptional accident cases" in which a decision as a matter of law should have been made concerning plaintiff's negligence. There was no error in submitting the contributory negligence specifications of lookout and parking to the jury.

In view of the above, it is not necessary to determine whether the sixth specification of contributory negligence remained after plaintiff's motion to strike,

and if it did remain, whether the failure to strike lookout and improper parking was harmless error.[1]

■ Plaintiff's motion for a directed verdict on the question of defendant's negligence was properly denied. It is obvious that a motion for a directed verdict on the question of negligence would not be in order in this comparative negligence case because the jury would still have to decide the percentage of fault if the defendant were negligent. At oral argument counsel for the plaintiff conceded the better practice would be to ask the judge for an instruction that the defendant was negligent as a matter of law. This he did not do. In addition there was a conflict of testimony about the lookout kept by the defendant.

■ Finally, plaintiff claims that the trial court erred in allowing testimony concerning the controversy over the defendant's right to use the road. It is claimed that such evidence was irrelevant and introduced collateral matters likely to confuse the jury. The trial court overruled plaintiff's objections to the questions on the ground that testimony concerning the road dispute was relevant to show why the people were present at the scene of the accident.

Plaintiff argues that even if the evidence were relevant to "set the scene," its relevancy was out-

---

[1]As the sixth specification of contributory negligence, defendant alleged that plaintiff was negligent:

"In failing to exercise reasonable care under the circumstances then and there existing."

Both counsel referred to this as a specification of "general negligence."

Plaintiff's motion to strike was:

"MR. BRYANT [plaintiff's attorney]: I move to strike from the defendant's amended answer page one and page two, the specific allegations of negligence on the part of the plaintiff as not having been proven, and if you would like, if it's not acceptable all at once, I move against them individually. Number one, 'In failing to keep a proper lookout for other vehicles,' the plaintiff testified he didn't see the defendant's vehicle coming. He did maintain a lookout. There is no testimony evidence that he didn't maintain a lookout.

"THE COURT: I'm going to leave the lookout in. Denied as to one."

Thereafter the other specifications of negligence were covered but no specific mention was made of number six. Number six went to the jury.

weighed by the potential for prejudice from the injection of collateral matters. We cannot agree with this contention. The trial court's instructions included a direction that the case must be decided upon the issues presented. The relevancy of the evidence in question outweighs any prejudicial effect that might arise from the jury's temptation to decide collateral issues despite the court's instructions. Furthermore, the plaintiff sought punitive damages. The facts behind the dispute over the easement were relevant to show "bad blood" between the parties. For this reason, and for the reason given by the trial court, there was no error in allowing the evidence to be received.

Affirmed.