Argued and submitted July 17, reversed and remanded
with directions December 30, 1981

O'CONNOR,
*Respondent,*

*v.*

RALPH THRIFT, INC. et al,
*Appellants.*

(No. C79-7-81, CA 17688)

637 P2d 1364

Randall B. Kester, Portland, argued the cause for appellants. With him on the briefs was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Jerry O. Lesan, Coos Bay, argued the cause for respondent. With him on the brief was Rossi, Lesan & Johansen, Coos Bay.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

In an action for personal injury arising out of an intersection collision in Gold Beach, defendants obtained a jury verdict. The trial court denied plaintiff's motion for judgment notwithstanding the verdict, but allowed her motion for a new trial. In her motion for a new trial, plaintiff contended that there was no evidence from which the jury could return a verdict for defendants and that the court erred in failing to take their contributory negligence defense from the jury. Her motion for a new trial was nothing more than a restatement of her motion for judgment notwithstanding the verdict. *Hess v. Larson,* 259 Or 282, 286, 486 P2d 533 (1971).

In granting the motion, the trial court stated:

"Well, the Court is concerned about the facts and whether or not there was negligence on the part of the defendants as a matter of law. I am impressed with the distances and the physical facts involved. It is a difficult decision.

"I am going to allow the motion for a new trial * * *"

If there was any evidence from which the jury could conclude that defendants were not negligent, or from which the jury could find plaintiff contributorily negligent, the jury verdict should not have been disturbed. There was nothing unusual about the facts of this intersection accident to justify a departure from the rule that, except in exceptional accident cases, the question of negligence and contributory negligence is for the jury, not the court. *Hess v. Larson, supra,* 259 Or at 286-287.

Defendants, in their answer, alleged that plaintiff was herself negligent in operating her vehicle at an excessive rate of speed, failing to properly control her vehicle and failing to maintain a proper lookout. It is unnecessary to detail the facts; there was evidence which would justify the jury in finding that she was negligent in all the respects alleged. Even if, as believed by the trial court, defendants were negligent as a matter of law, the case would be one for the jury, for the jury would still be required to determine whether defendants' negligence was a cause in fact and, if so, to determine the percentage of fault between the parties. *Huettl v. Huettl,* 278 Or 701, 706, 565 P2d 752 (1977). There was no error in submitting the case to the jury.

The judgment is reversed with directions to reinstate the jury verdict and give judgment thereon.