Argued June 5, decided June 10, rehearing denied July 8, 1913.

## ZOBRIST v. ESTES.

(133 Pac. 644.)

**New Trial—Grounds—Insufficiency of Evidence.**

1. Where, in an action for fraud in sale of corporate stock, the evidence as to the material issues was conflicting, a motion for a new trial, on the ground that the evidence was not sufficient to justify the verdict, was properly denied.

**Appeal and Error—Review—Verdict—Sufficiency of Evidence.**

2. Under Article VII, Section 3, of the Constitution, providing that no fact tried by a jury shall be otherwise re-examined unless the court can say affirmatively that there was no evidence to support it, the Supreme Court cannot disturb a verdict rendered on conflicting evidence.

**Fraud—Damages—Measure of Damages.**

3. The damages recoverable by a purchaser of stock in a corporation, where the purchase was induced by fraud of the seller, is the amount of money put into the stock less the value of the stock in the hands of the purchaser.

**Corporations—Stock Issue—Validity.**

4. Section 6701, L. O. L., requires that the action of stockholders authorizing an increase of stock shall be certified to the Secretary

of State, and that no such stock shall be issued until such certification and payment of the required fee. Section 6708 provides that when a corporation is delinquent in payment of fees, its right to do business shall be in abeyance. *Held,* that stock issued to plaintiff before actual certification to the Secretary of State and payment of license fee was not void, but merely voidable, and did not prevent a subsequent purchaser thereof from obtaining his proportionate interest in the corporation, so long as not attacked.

### Evidence—Corporate Records—Explaining Alterations.

5. Where, in an action for deceit in sale of corporate stock, the defendant introduced the books of the corporation, and it appeared that therein the figures showing the number of shares credited to defendant and another had been altered, there was no error in permitting defendant to explain how the alterations came about, the burden of doing so being on defendant by the express terms of Section 811, L. O. L., before the book could be given in evidence.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by John Zobrist against George Estes for $2,000, damages for fraud and deceit in the sale of 20 shares of the capital stock of the Western Lumber and Fuel Company, a corporation. The cause was tried before a jury, and a verdict rendered in favor of defendant. From a resulting judgment, plaintiff appeals.

The following facts appear from the record: On November 7, 1908, plaintiff was a director of the Bank of Estacada, Oregon, and defendant, the president thereof. About that time defendant sold to plaintiff 20 shares of the capital stock of the Western Lumber and Fuel Company, a corporation of Oregon. On or about the 4th day of May, 1907, the Western Banking Company was organized, with a capital stock of $10,000, for the purpose of selling real estate, and continued under that name until the 1st of November, 1908, when a resolution of the stockholders was adopted, changing the name of the corporation to the Western Lumber and Fuel Company, and the purposes of the corporation were enlarged so as to engage in the lumber and fuel business. Plaintiff

alleges that defendant falsely represented that the Western Lumber and Fuel Company was completely organized, solvent, a going concern, had large and valuable assets, and was doing a paying business, so that it could and would increase its assets over its liabilities so as to form a surplus, and pay large dividends; that said 20 shares of the stock were of the par and actual value of $2,000; that if plaintiff would purchase the same, he would receive not less than 10 per cent on the par value of the stock during 1909, and good dividends thereafter; that the defendant was solvent and could pay all his obligations; that the representations were made for the purpose of deceiving Zobrist, and that they were intentionally false; that plaintiff relied upon the same. It is alleged merely as inducement, and the action is not based thereon, that at the time of the sale a written guaranty as to the value of the stock, and a promise to repurchase at par and 10 per cent additional, was executed by the defendant to plaintiff.

Defendant admits the sale of the stock, but denies the gist of the allegations as to deceit and fraud, and avers, in effect, that the alleged representations were only expressions of opinion, which defendant honestly entertained in regard to the company; that plaintiff was familiar with the company and its assets; that the company continued to do business at Estacada, Oregon, until about January, 1909, when it purchased the assets and business of the Portland Fuel Company, and thereafter operated at Portland, under the name of the Western Lumber and Fuel Company until about the 27th of January, 1910, when the name thereof was changed to the Western Fuel Company; that during all of that time plaintiff was a stockholder of the company, and for a portion of the time, a director thereof.

The reply put in issue the material allegations of the answer.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief over the names of *Messrs. Sweek, Fouts & Shelton,* with an oral argument by *Mr. J. F. Shelton.*

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff introduced evidence tending to show that he was deceived by the defendant in the purchase of the stock, to his injury. Defendant explained the transaction at great length, and introduced evidence tending to contradict the material parts of plaintiff's evidence, and to show that the plaintiff was acquainted with the manner of conducting corporations, and that he thoroughly understood the transaction in regard to the stock. The evidence is conflicting. Plaintiff filed a motion for a new trial, for the reason that the evidence was insufficient to justify the verdict, and assigns the overruling of the motion as error. Considering this last assignment of error, it should be borne in mind that the verdict of the jury is practically a failure to find for the plaintiff; that is, the jury found that the plaintiff failed to prove the allegations of his complaint. Without encumbering the record with statements of the voluminous evidence introduced in the case, suffice it to say that it was peculiarly a question for the jury to determine. We have nothing to do with the conflict in the evidence. This is the main contention of the plaintiff upon this appeal.

1, 2. The plaintiff's contention is in effect that the court should retry the facts that have been passed

upon by the jury. Under Section 3, Article VII, of the
Constitution, the court is not permitted to do so.
That organic law provides that no fact tried by a
jury shall be otherwise re-examined in any court of
this state unless the court can affirmatively say there
is no evidence to support the verdict. Where there is
testimony on both sides as to the material issues, and
the jury has weighed the evidence and found for one
party and against the other, the court is not author-
ized to disturb the verdict. We cannot say that there
was no evidence in support of the verdict. There was
no error in overruling the motion for a new trial as
to that ground. The other grounds of the motion are
included in the other errors assigned.

3. Plaintiff contends that the court erred in giving
the following instruction: "Now, gentlemen, if you
find that the plaintiff has been damaged less than
$2,000, * * he has got to take that amount. The
damage is what you find this stock to be worth, less
than what he paid for it, if plaintiff has established
his case in all other respects." This is a portion of
the concluding instructions given by the trial court.
The court instructed the jury at length in regard to
the issues and the law pertaining thereto, and in-
formed the jury that, if Mr. Estes made no false
statement concerning the matters alleged, the action
could not be maintained, and that they must find for
defendant; that if he did make the false statements
alleged, he must have known them to be false, or if
he did not know them to be false, he must have made
them recklessly, and be consciously ignorant of
whether they were true or false, and must have made
them with intent that plaintiff would act upon his
representations, and that, if the plaintiff did not act
upon his representations, if, with full knowledge of
the affairs, if he had that, and he acted upon his own
judgment, and not upon the representations made by

65 Or.—37

Mr. Estes, then, of course, there could be no recovery, and that if they found in this case that Mr. Estes did knowingly make false statements, or, not knowing them to be false, made them recklessly and consciously ignorant of whether they were right or wrong, and that if they further found that the statements deceived or were calculated to deceive the plaintiff in this case, and if they found that he acted upon those representations to his injury, then plaintiff was entitled to recover $2,000, or damages to the extent of which they might think he had been injured by the misrepresentations; that a director of a corporation who has invited people to purchase stock owes a duty of confidence to the persons with whom he is dealing, so that he must not intentionally conceal any fact which is itself necessary for such persons to know. The portion of the instructions complained of is a part of the instruction as to the verdict. The court instructed that if they found for the plaintiff, they would find $2,000, with interest at the rate of 6 per cent per annum from November 7, 1908. Then follows the instruction above quoted. The jury did not reach the question involving the measure of damages. However, there was no error in the instruction complained of. It is stated in 2 Greenleaf (16 ed.), Section 256, that ''The damages to be recovered must always be the natural and proximate consequence of the act complained of.''

In the case of *Smith* v. *Bolles,* 132 U. S. 125 (33 L. Ed. 279, 10 Sup. Ct. Rep. 39), which was a case for damages, by reason of the purchase of stock in a corporation, induced by false representations, it was said: ''If the stock had a value in fact, that would necessarily be applied in deduction of the damages.''

In *Crater* v. *Binninger,* 33 N. J. Law (4 Vroom) 513, at page 518 (97 Am. Dec. 737), Mr. Chief Justice BEASLEY said:

"The test is that those results are proximate which the wrongdoer, from his position, must have contemplated as the probable consequences of his fraud or breach of contract."

In that case the plaintiff had been induced by the deceit of the defendant to enter into an oil speculation, and the defendant was held responsible for the moneys put into the scheme by the plaintiff in the ordinary course of business, which moneys were lost, less the value of the interest which the plaintiff retained in the property.

4. The evidence in the case at bar tends to show that on the 30th of October, 1908, all the stock of the Western Banking Company having been subscribed, the stockholders of the corporation adopted a resolution increasing the capital stock of the company to $50,000, but that the certificate of such action was not filed with the Secretary of State, and the fee therefor paid, until the 21st of the next December. Plaintiff therefore contends that the stock issued to him in the meantime was void and of no value, and that the court erred in not instructing the jury to that effect, as requested by plaintiff.

Section 6701, L. O. L., provides that the stockholders of a corporation may, by vote of the majority of the stock, increase its capital stock, and that such action shall be certified by the secretary of the corporation to the Secretary of State, and that it shall not be lawful to issue any of the increase of the capital stock of such corporation until such certificate and statement have been so filed and the payment of the required fee has been made. Upon the filing of such certificate and statement and the making of payment, the Secretary of State, if the same is in due form, shall issue to the corporation a certificate to that effect. Such certificate was issued by the Secretary of State on the 21st of December, 1908.

Section 6708, L. O. L., provides that when a corporation is delinquent in the payment of taxes, license fee, or fees, the right of such delinquent corporation to transact business shall be deemed to be in abeyance. The tenor of the statute is that, upon full compliance with such requirements, the defect theretofore existing is cured. The issuance of an increase of the stock, before the proceedings therefor were certified to the Secretary of State, was irregular.

There is a clear distinction between over-issued stock illegally issued, without authority of the charter or statute, and an irregular increase of stock. The latter occurs when there is a statutory authorization of an increase of stock, but the formalities prescribed for making such increase have not been strictly complied with. Over-issued stock is void, while an irregular increase is merely voidable: Cook, Cor. (6 ed.), § 291. In the latter case, the increase is valid as against all parties except the state: Id., § 281.

The stock in question was not therefore, as a matter of law, void on account of the irregular increase thereof. This did not prevent the plaintiff from obtaining his portion of the dividends, if any, or property of the corporation. No one else is making any claim on account of such irregularity. There was no error in the refusal of the court to instruct the jury upon this point, as requested.

5. The same stock subscription book was used by the Western Banking Company after the name of the corporation was changed. It appears from the evidence that George Estes and S. F. Stryker each originally subscribed for 49 shares of the Western Banking Company; that afterward the words and figures in the subscription list and in the record were changed from 49 to 17; that in addition to the latter number Estes and Stryker each subscribed for 82½ shares of the stock. The defendant, over

the objection and exception of plaintiff, testified in explanation of such change. Plaintiff contends that the books of the corporation, in their present condition, are the only lawful evidence in the matter, and that the court erred in failing to instruct the jury to that effect, and in admitting the evidence of the change of figures. This would be invoking too strict a rule in such a manner. The stock book and minutes were introduced by the defendant. The alteration appeared upon the face of the record. Under the provisions of Section 811, L. O. L., it was incumbent upon defendant to explain the alteration of the stock book and minutes; therefore when such explanation was made, it became a question for the jury to determine whether such change was honestly made, with the consent and acquiescence of the interested parties, as a matter of convenience, and with no fraudulent intent. There was no error in this respect. The case was fairly submitted to the jury.

Finding no error in the record, the judgment of the lower court is affirmed.

AFFIRMED: REHEARING DENIED.