Argued January 31, affirmed March 13, 1923.

## HOONING *v.* HENRY.

(213 Pac. 139.)

**Fraud—Damages Difference Between Value and Price Paid.**

1. The measure of damages for fraud inducing the purchase of an automobile is the difference between the agreed price and the reasonable market value.

**Fraud—Evidence as to Difference in Model of Automobile Proper.**

2. In an action for damages for fraud inducing the purchase of a used automobile, it is not error to refuse to exclude from the jury's consideration the difference in model of the car from that represented.

**Fraud—Asking Price not Representation of Value.**

3. The asking of a certain price for an article is not a representation of its value, but may be considered in connection with other representations.

**Trial—Instruction Calculated to Mislead Court Properly Denied.**

4. An instruction calculated to deceive the court by assuming that there was evidence to submit to the jury on a particular subject is properly refused.

**Trial—Court not Required to Patch up Requested Instruction.**

5. It is not the duty of the court to patch up a requested instruction so as to make it conform to the law of the case, and such an instruction is properly denied.

**Trial—Denial of Instructions Covered by Those Given not Error.**

6. The denial of requested instructions covered by those given is not error.

From Lane: GEORGE F. SKIPWORTH, Judge.

---

1. Measure of damages for misrepresentations as to value of goods sold, see note in **Ann. Cas. 1913E,** 274.

Department 2.

This is an action to recover damages on account of alleged false representations in reference to an automobile sold by the defendant to the plaintiff.

The complaint alleges, in substance, that defendant sold to plaintiff a second-hand Chalmers automobile for the sum of $1,200, taking in payment a Chevrolet automobile valued at $500 and a promissory note for $700, which up to date has not been paid. Plaintiff alleged that for the purpose of inducing him to purchase the Chalmers the defendant falsely represented to plaintiff that the Chalmers automobile was a 1918 model, was reasonably worth $1,200, had been thoroughly overhauled and was then in good running order. That plaintiff, being ignorant of automobiles, their type, age, condition and value, wholly relied upon the defendant's statements and representations and believed them to be true and, so relying, made the trade, which he would not have done otherwise. That all these representations were known by defendant to be false, or if not by him actually known to be false, were made carelessly and recklessly as positive assertions of fact and conveyed to plaintiff the impression that defendant knew such statements to be true. That they were false in this: That the Chalmers automobile was not at the time worth to exceed $450; that the same was not in good running order, but on the contrary, the exhaust manifold was broken or fractured, the carbureter was out of repair and could not be repaired; the machine was in such condition that plaintiff could not operate it without the assistance of a mechanic. That by reason of the premises plaintiff was damaged in the sum of $750. Plaintiff by another cause alleged as special damages that in order to make any use whatever of the automobile

he had been obliged to purchase and install a new carbureter in the machine at a cost of $50 and has had the exhaust manifold welded at a cost of $5, all to his special damage in the sum of $55.

Defendant answered denying the charges of fraud but admitted that he had made a mistake in the year of the model but that the difference in the date of the model did not change the value of the machine to any extent. He also offered to allow plaintiff the $55 special damages claimed.

Plaintiff replied, denying the new matter in the answer and, the case being at issue, the jury returned a verdict in favor of the plaintiff for the sum of $700.

The matters urged in defendant's brief are failure of the court to give the following instructions:

"It was the duty of the defendant to establish by the evidence, in what respect the automobile in dispute was not in running order, and to establish what it would cost to repair the same.

"The only damages relative to the running order of the machine is what the reasonable cost would be to repair the same and put it in running order. I instruct you that the plaintiff is not entitled to damages relative to the representation as to the model number of the machine, unless the plaintiff has introduced evidence showing by such representation if it was not true, how much damages the plaintiff has suffered by reason thereof.

"It is not enough to prove that there was a mistake in the number of the model, but it must also be shown in dollars and cents how much damage was caused to the plaintiff by reason of such mistake, and if the plaintiff has not established this by a preponderance of the evidence, or at all, the plaintiff would not be entitled to any damages on that account.

"It is the duty of the plaintiff to itemize all damages which he claims he suffered by reason of the defective condition of the automobile as claimed by

him to enable plaintiff to secure damages on any of such defects.

"It is claimed on the part of the plaintiff that the defendant represented that the automobile was worth $1,200. I instruct you that such representation was not a warranty as to the value of said automobile, but was the opinion, if such representation was made, of the defendant.

"The plaintiff, if he did not know the value of the automobile, was required to secure the services of some one who did know such value, to act for him and inform him of such value."

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. A. C. Woodcock* and *Mr. L. Bilyeu.*

For respondent there was a brief and oral argument by *Mr. Fred E. Smith.*

McBRIDE, C. J.—1. The principal contention here is that the court erred in instructing the jury that the measure of damages would be the difference between the agreed purchase price of the automobile, namely, $1,200, and the reasonable market value of the machine at the time of purchase, and in refusing to instruct that the measure of damages was the difference between the value of the property as represented and its actual condition. We are aware that there is a difference among the courts as to the measure of damages in cases of misrepresentation, but this court is committed by the case of *Southern Oregon Orchards Co.* v. *Bakke,* 106 Or. 20 (210 Pac. 858), to the rule laid down by the Circuit Court, to which we still adhere.

2. It is also objected that the court erred in not excluding from the jury consideration of the difference in model as shown in the testimony. It was shown that defendant, who was a dealer in automo-

biles, represented to plaintiff, who was comparatively ignorant of automobiles, that this machine was a 1918 model when in fact it was a 1915 model and the testimony indicates that such a model would render the machine less valuable in the market than the 1918 model represented, although there was no testimony as to the exact amount of such difference. But several witnesses testified that the machine as it stood was not of greater value than over $350 or $400. In making this estimate they were taking into consideration everything pertaining to the machine, its model, its condition, and every factor that went to make up its value. The complaint was for general damages, the only specification of special damages relating to the cost of new carbureter and the expense of having the exhaust manifold welded, which neither the testimony nor the pleading show had a tendency materially to increase the value of the machine or to make the motor do service.

3. Exception was taken to the refusal of the court to give the following instruction:

"It is claimed on the part of the plaintiff that the defendant represented that the automobile was worth $1,200. I instruct you that such representation was not a warranty as to the value of said automobile, but was the opinion, if such representation was made, of the defendant."

The instruction was faulty in several respects. In the first place it proposed to submit to the jury the question as to whether the defendant represented that the automobile was worth $1,200, concerning which there was no testimony beyond the fact that the defendant asked $1,200 for it. We find no case in which the mere asking of a price for an article is construed as a representation as to its value. Every man has the right to ask any price he sees fit for the wares he

has to sell and the matter of fixing the price may be predicated upon the supposed usefulness of the article or some sentimental value that the party may place upon it, or what he thinks he can get for it from a prospective purchaser. A splinter from King Tutankhamen's mummy-case might have small value to some unsentimental being who would merely regard it as a piece of kindling wood, whereas to a searcher for the antique with a memory of the hundreds of centuries that had passed it might possess great sentimental value as a relic, and, if we take the evidence of the plaintiff in this case as to the condition of the machine, it also might possess some value as an antique, to be placed alongside of Tutankhamen's recently discovered chariot. The defendant had the right to put any price he pleased upon it, either as an antique or as a useful article, without submitting himself to the charge of false representations in regard to it, but where such representations are made, and this request assumed that there might be testimony to submit to the jury on that subject, they are to be taken in connection with other representations, as, for instance, if the defendant represented that the automobile had been recently repaired and was in good running condition and these representations were false, and, in addition to these, stated that it was worth $1,200 when any man of common sense would know that in its condition it was not worth more than from $350 to $450, the representations might be construed not as an opinion but as a representation of a fact, because when a man essays to give an opinion there is included in that proposition the other proposition that it *really is* his opinion and not a false statement that he has that opinion when in truth and in fact he knows better.

4. In addition to this the request in itself was calculated to mislead the court by assuming that there was evidence to submit to the jury on that subject and it was properly refused, although perhaps not properly on the grounds on which the court refused it. There was no exception to the instruction of the court given upon this subject, which rather by implication assumed that the jury might consider such a representation, if any were made, the only objection being to the refusal of the court to give the instruction as requested.

5. If a request had been made to the court to take the matter entirely away from the jury so far as the representation of value was concerned and such request had been refused an exception thereto might properly have been sustained, but such is not the case here, and the refusal of the court to give the instruction as requested must be upheld as it is not the duty of the court to patch up a request to make it conform to the law of the case.

6. The other instructions refused seem to be sufficiently covered by the general instructions given by the court and the judgment is therefore affirmed.

AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.