Submitted on briefs June 6; affirmed June 30, 1950

SCHULTZ, Executrix *v.* SHIRLEY

220 P. (2d) 86

In Banc.

*Wm. C. Van Dersal,* of Portland, filed a brief for appellant.

*Maguire, Shields, Morrison and Bailey,* and *Randall B. Kester,* all of Portland, filed a brief for respondent.

LATOURETTE, J.

This is an appeal by the plaintiff from a judgment entered on the verdict of a jury in favor of the defendant in an action for death damages. The case arises out of a collision between the defendant's automobile and plaintiff's decedent, a pedestrian, at the intersection of Northwest Front Avenue and Northwest Thurman Street in the city of Portland, Oregon, on November 1, 1947, at approximately 9:30 o'clock p.m. on a rainy night.

The deceased had been working for a number of months, immediately prior and up to the date of accident, for the Dock Commission of the city of Portland, located on the easterly side of Front Avenue directly opposite the intersection in question. He was a man 72 years of age, and on the night in question, crossed Front Avenue to the west side of the railroad tracks to confer with a couple of old friends who were switchmen for a railroad company. Leaving his companions, the deceased started across Front Avenue at the intersection without pushing the button which would give him a "walk" signal across Front Avenue and which would throw a red light in the faces of oncoming motorists, and particularly defendant, the light at said time showing yellow in the face of defendant. At this point defendant's car came in collision with decedent, causing his death.

The evidence discloses that defendant traveled through this intersection periodically on his way to work and was fully conversant with the traffic signal at the point of collision with the realization that a press of the button by a pedestrian would throw a red light in his path; otherwise, the light would flash yellow, allowing him to proceed slowly through the intersection.

At the beginning of the trial, the following stipulation was entered into between the parties:

"MR. KESTER: And counsel just asked me about stipulating that the Executrix was duly appointed, so we will stiplate that she is qualified. And there is one thing that I wanted to ask: At the scene of the accident there was a triffic signal that was subject to being controlled by a pedestrian. The light in normal operation was a blinking yellow for vehicular traffic and there was a push button at the side of the street so that if the pedestrian wanted to cross he could push the button, and there was a sign: 'Push Button. Wait for walk signal,' and when he pushed the button, that would turn the light for cars red and give him the 'walk' signal on the other side of the street. I think there is no dispute about that. The thing I wanted to ask is, may it be stipulated that that signal was duly established by authority of the City of Portland and that its operation was entirely lawful in all respects, or will I have to call the City officers to testify to that?

"MR. EASTMAN: No, no, we will admit that.

"THE COURT: And you also admit there was a signal there?

"MR. EASTMAN: Yes.

"THE COURT: Of the sort described by Mr. Kester?

"MR. EASTMAN: That is right.

"MR. KESTER: So the manner of operation of the signal and the whole setup there was pursuant to proper authority of the City of Portland.

"MR. EASTMAN: That is right."

■ Plaintiff's first assignment of error is as follows:

"The Court erred in refusing to grant plaintiff's requested instructions as follows:

'Ladies and gentlemen of the jury, I in-

struct you that if you find that this deceased was waving a red light while he was walking cross the highway and you also find from the evidence that this defendant driver saw or could have seen with reasonable prudence, the said light, and he failed to heed the same by turning out or stopping or slowing up, then I instruct you that he would be negligent.' "

This proposed instruction was properly refused by the court because the conduct of the motorist under the situation stated would be held to that of an ordinary, prudent person under like or similar circumstances, and his negligence, if any, would be for the jury to determine. The court did not err in refusing to give the submitted instruction.

■ Assignment of Error No. 2 is as follows:

"The Court erred in refusing to give the plaintiff's requested instruction as follows:
'Ladies and gentlemen of the jury I instruct you if you find the deceased was engaged in crossing the street in question before defendant reached the intersection thereof, then I instruct you that it was the duty of the defendant to have his automobile under such control at the crossing so as to seasonably and efficiently yield to the deceased the right to use the crossing first acquired by him. If he failed to do so he would be negligent.' "

The subject matter of this proposed instruction was fully covered by the court in its instructions wherein it properly instructed the jury as to the statutory right of way between vehicles and pedestrians. The proposed instruction omitted reference to the traffic signal which had bearing on the right of way. Section 115-312, O. C. L. A.; Ch. 407, Or. Laws, 1947. No error was committed.

368

■■ Assignment of Error No. 3 reads as follows:

"The Court erred in refusing to give the plaintiff's requested instruction as follows:

'Ladies and gentlemen of the jury I instruct you that if defendant saw a red light flashed across the cross walk in front of him as he approached it, it would be his duty to stop or slow up and avoid hitting a pedestrian and the defendant should not wholly depend upon a push button light.'"

Such proposed instruction was properly refused for the reason that there was no evidence that the defendant saw the red light in the hands of decedent, and, if he had seen it, it would have been his duty to act as a reasonably prudent man under like or similar circumstances, and whether or not he should have stopped would be a jury question.

■■ Assignment of Error No. 4 is as follows:

"The Court erred in refusing to give the plaintiff's requested instruction as follows:

'Ladies and gentlemen of the jury I instruct you that there was no city ordinance requiring a pedestrian to push this red light button referred to in the testimony. It would be the duty of the defendant to plead the ordinance in his answer if there was an ordinance. This button is for the convenience of a pedestrian and he can use it or not as he pleases, and by not using it he would not be negligent as a matter of law.'"

The above requested instruction includes three different propositions, and if any one of them is improper or unwarranted under the law, the trial court is not required to segregate the wheat from the chaff and give the portion of the instruction that is proper

to the jury. *Hooning v. Henry,* 106 Or. 605, 213 P. 139. Whether or not the "button is for the convenience of a pedestrian and he can use it or not as he pleases" is an improper statement of the law. Irrespective of the legal effect of the button, if the pedestrian knew that the button was there or, under the circumstances, should have known it was there (and in this connection, decedent was employed across the street from the button for a number of months prior to the accident), it would be a question for the jury to determine whether or not he acted as a prudent and careful person under the circumstances. This assignment is without merit.

■ Assignment of Error No. 5 is as follows:

"The Court erred in his instructions * * * where the Court gave the following instruction to the jury:

'There will also be withdrawn from your consideration the first specification of negligence, which is to the effect or which reads: "In failing to stop his motor vehicle before entering the above mentioned intersection." There is no requirement in the law that required him to bring his vehicle to a stop before he enters the intersection proper, and therefore, that is withdrawn from your consideration. You will have no difficulty in observing this. I have written the word "out".' "

We cannot consider this assignment because there was no exception taken to the giving of such instruction; furthermore, plaintiff's counsel agreed that this specification of negligence should be withdrawn from the consideration of the jury. *Frangos v. Edmunds et al.,* 179 Or. 577, 173 P. (2d) 596, 602.

We find no error in the record; the judgment will be affirmed.