Argued September 11, affirmed October 23, 1968

# HUGHES, *Appellant, v.* ECCLES MOTOR CO., *Respondent.*

446 P. 2d 107

*Donald R. Crane,* Klamath Falls, argued the cause for appellant. With him on the brief was Richard C. Beesley, Klamath Falls.

*Ernest F. Gordon,* Klamath Falls, argued the cause for respondent. On the brief were Ganong, Ganong & Gordon, Klamath Falls.

Before O'CONNELL, Presiding Justice, and GOODWIN and DENECKE, Justices.

PER CURIAM.

Plaintiff, who proved that the defendant's salesman had knowingly mis-stated the mileage on a used Pontiac, appeals from a judgment for the defendant entered upon a directed verdict.

The complaint was in the form of an action for common-law fraud, and prayed for $304.17 "actual" damages and $5,000 punitive damages. The plaintiff's evidence of "actual" damages was the cost of repairs which he claimed were made necessary by excessive wear due to the undisclosed mileage that the car had been driven. (The odometer read 46,000 miles, instead of the 94,000 miles which a former owner said the car had been driven.) The plaintiff offered no evidence on the market value of the automobile as represented or as it actually was.

The measure of damages in a fraud case is the difference between the market value of the goods as represented and the market value of the goods as sold. See *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964).

While it may appear to be somewhat technical, the rule for proving damages in fraud actions is well known. Since the plaintiff failed to submit any evidence of market value, and failed to connect his repair bills to market value, he rested without proving that the fraud had caused him damage. We have held that in an action for damages for fraud the action will

not lie unless the plaintiff alleges and proves some damage, however slight. *Castleman v. Stryker et al,* 107 Or 48, 54, 213 P 436 (1923). Since the plaintiff offered no evidence that the automobile was not worth the price paid for it, the cause of action could not be submitted to the jury, no matter how strong the evidence of fraud.

Affirmed.