Argued September 12, affirmed December 7, 1972, petition for
rehearing denied January 4, 1973

OTTE, *Respondent, v.* RON TONKIN
CHEVROLET CO., *Appellant.*

503 P2d 716

*Terry W. Baker,* Portland, argued the cause for appellant. With him on the briefs were Tonkon, Galen & Baker, Portland.

*James E. Redman,* Milwaukie, argued the cause for respondent. With him on the brief were James R. Carskadon, Jr., and Redman & Carskadon, Milwaukie.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action for damages for fraud in the sale of an automobile by defendant, Ron Tonkin Chevrolet Co., to plaintiff. Defendant appeals from a judgment, based upon a jury verdict, for $500 in general damages and $4,500 in punitive damages. We affirm.

Defendant contends on appeal that the trial court erred in denying defendant's motions for a new trial because it appears from "special findings" by the jury that defendant suffered no actual damages whatever and that under ORS 17.420 such special findings are controlling over a general verdict.[1] The consideration of this contention requires a review of the record.

Plaintiff's complaint alleged that she purchased from defendant a 1969 Chevrolet Corvair Monza in reliance upon the following false representations:

"1. That the aforesaid automobile was the personal automobile of Mr. Ron Tonkin;

"2. That said automobile had not been sold to anyone else.

"3. That the value of said automobile was that of the proposed sale price of $2,871.00;

"4. Said automobile was covered by factory warranty."

At the conclusion of the trial proposed "special findings" were, at defendant's request, submitted to the jury, apparently pursuant to ORS 17.415. These

_____

[1] Defendant also assigns as error the denial of its motion for a directed verdict for similar reasons.

included the following questions, to which the following answers were given by the jury:

"Was a material misrepresentation, as defined by the Court in its instructions, made by defendant in any one of the following instances:

"1. That the automobile was a personal automobile of Mr. Ron Tonkin. Yes.

"2. That the automobile had not been sold to anyone else. Yes.

"3. That value of the automobile was that of the proposed sales price of $2,871. No.

"4. That said automobile was covered by factory warranty. No.

"If the answer to any one of the above questions is 'yes' then:

"5. Was any such misrepresentation made maliciously, willfully, or wantonly or so recklessly as to imply a disregard of social obligation? Yes."

Defendant contends that the "special finding" by the jury in its answer to question No. 3 is inconsistent with the jury's verdict for general damages and precludes a judgment for either general or punitive damages. Thus, defendant urges:

"It seems at once obvious that if the jury concluded the automobile in question was in fact worth the amount paid ($2,871.00), plaintiff could not have been damaged. * * *

"While it is certainly true that the jury did return a verdict in favor of the plaintiff in the amount of $500.00 for 'general damages', *there is nothing to sustain that finding of general or actual damages.* The amended complaint, on which the case went to the jury, had made four requests for damages. The first request was for the sum of $1,171.00, which plaintiff contended was the difference between the price she paid and the value of the automobile. As *the jury found the value of*

*the automobile to be that which plaintiff paid for it,* no damage was awarded or could have been awarded for this item. * * *"② (Emphasis added)

It appears that two propositions are implicit in these contentions by defendant:

1. That by that "special finding" the jury found that the value of the car was the amount of the sales price of $2,871, as paid by plaintiff, and

2. That this being true, there was nothing to sustain a verdict or judgment for "general or actual damages."

We reject both of these propositions.

1. *This "special findings" was not necessarily a finding that this car had a value of at least $2,871.*

■ It may, perhaps, be possible that by its answer to this question the jury intended to find that the value of this car was the amount of the sales price of $2,871. In our opinion, however, it is at least equally possible, if not more probable, that by that answer the jury intended no more than to express a finding that defendant had not *represented* that this used car was worth $2,871, so as to provide an independent basis for this action for damages for fraud. Indeed, the sales price placed by the seller upon goods to be sold by him is not necessarily a representation that the value of such goods is the amount of the sales price. See *Hooning v. Henry,* 106 Or 605, 609, 213 P 139 (1923).

■ Therefore, because the jury thus could have intended by its answer to this question to find only

---

② Since we affirm the judgment and verdict based upon our decision on this point, it is not necessary to consider plaintiff's remaining allegations of damages.

that defendant made no such representation, it does not follow, as contended by defendant, that its answer to this question must be regarded as a finding by the jury that this car had a value of $2,871.

Furthermore, because the jury could have intended by its answer to this question to find that defendant made no representation that the value of this car was its proposed sales price, so as to provide a separate and independent basis for this action for fraud, it also does not follow that the jury could not properly find, at the same time, that plaintiff suffered $500 in damages as the result of the other and separate misrepresentations that this automobile was the personal car of Ron Tonkin and had never been sold to any other purchaser, when in fact both of these representations were false.

2. *There was sufficient evidence to support the jury verdict of $500 as general damages.*

As previously stated, defendant contends that because the jury, in response to the question whether defendant represented that the value of this automobile was the sales price of $2,871, made a "special finding" that the value of the car was the amount of the purchase price which plaintiff paid for it, there was nothing to sustain an award of $500 in general damages.

This contention might have merit if the jury had made such a finding (contrary to what we have just said) and if the proper measure of damages in this case (and the one to be satisfied by plaintiff's proof) was the difference between the actual market value of this used car and *its value if it had been as represented, i.e.,* the "benefit of the bargain" measure

of damages. If plaintiff, by its pleadings, had sought recovery on that basis, and if the jury had made such a finding, defendant's contention might be well taken.

In this case, however, not only did the jury make no such finding by its answer to that question, for reasons previously stated, but plaintiff did not seek recovery of damages based on such a "benefit of the bargain rule." Instead, plaintiff's complaint alleges:

> "Plaintiff has been damaged in the amount of $1,171.00, representing the difference between the price of $2,871.00 for which the automobile was sold to plaintiff, and its market value in the amount of $1,700.00."

Thus, it is clear that what plaintiff sought to recover in this case was the recovery of damages measured by the difference between the market value of this automobile and the *price* for which it was sold to plaintiff, rather than the difference between its market value and its *value if it had been as represented*. If this is a proper measure of damages in such a case and if defendant offered evidence of the actual market value and the sales price, with a resulting difference more than $500, then it must follow that there was sufficient evidence on the issue of damages to support this jury verdict.

■ This court has previously held that in an action for damages for fraud in which plaintiff chooses not to seek to recover damages based upon the "benefit of the bargain" (*i.e.,* the difference between the actual market value of the goods and the *value* of the goods if they were as represented), the plaintiff may nevertheless recover damages based upon his "out-of-pocket" loss, measured by the difference between the actual

market value of such goods and the *purchase price* paid for such goods. *Sorenson et ux v. Gardner et ux*, 215 Or 255, 265, 334 P2d 471 (1959) ; *Horner v. Wagy,* 173 Or 441, 446, 146 P2d 92 (1944) ; and *Selman v. Shirley,* 161 Or 582, 604-609, 85 P2d 394, 91 P2d 312 (1939). See also *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 588, 395 P2d 922 (1964) (DENECKE, J., specially concurring) ; *Hooning v. Henry, supra; Van de Wiele v. Garbade,* 60 Or 585, 591, 120 P 752 (1912); and *Cawston v. Sturgis,* 29 Or 331, 337, 43 P 656 (1896).⑨

■ In other words, in an action for fraud to recover for plaintiff's "out-of-pocket" loss, the defrauded plaintiff who purchased goods in reliance upon material false and fraudulent representations presumably would not have purchased the goods and paid the purchase price except for such misrepresentations and therefore is entitled to be paid for his actual loss measured by the difference, if any, between the purchase price which he would not have otherwise paid, but for the fraud, and the actual market value of what he otherwise would not have purchased. It follows that in such a case the difference between the actual market value of the goods and their value if they had been as represented is not material and need not be proved.

We need not decide in this case whether or not the jury could properly find (as it did by "special

___

.   ⑨ Stated otherwise, the "out-of-pocket" loss is the difference between the value of what the purchaser parted with (*i.e.,* the purchase price paid by him) and the value of what he has received (*i.e.,* the actual market value of the goods). See Prosser, Law of Torts (4th ed 1971) 734, § 110.

Although the rule stated in our per curiam opinion in Hughes v. Eccles Motor Co., 251 Or 449, 450, 446 P2d 107 (1968), is not consistent with our previous decisions on this subject, the actual basis for that decision (as stated on 451), is consistent with them. To the extent that *Hughes* is inconsistent with these cases and with this opinion, however, it is overruled.

findings" Nos. 1 and 2) that the misrepresentations that the automobile was the personal automobile of Mr. Ron Tonkin and that it had not been sold to anyone else were material misrepresentations. Defendant makes no contention to the contrary.

It is to be noted, however, that plaintiff offered testimony that one of the factors to be considered in determining the value of a used car is whether it has had only one previous owner, or more than one previous owner, and that this car had been previously sold to and repossessed from two previous owners. Thus, the jury could at least properly find that this was a material representation. This is also a further reason why it is not necessary for us to consider whether the jury could also properly find that the further misrepresentation that this car "was a personal automobile of Mr. Ron Tonkin" was a material and actionable representation. See *Hooning v. Henry, supra* at 610 and Prosser, Law of Torts (4th ed 1971) 718-20, § 108.

In this case plaintiff offered testimony that the purchase price paid by her for this used car in reliance upon defendant's false and fraudulent representations was the sum of $2,871. Plaintiff also offered testimony by an expert witness that the actual market value of the used car was between $1,700 and $1,895, or a difference of approximately $1,000. Thus, despite defendant's evidence to the contrary, there was ample evidence to support a jury verdict of general damages in any amount less than $1,000 and that the verdict for $500 was thus supported by substantial evidence.

Under the mandate of Art VII, § 3, of the Constitution of Oregon, this court has no power to set aside the jury verdict of $500 general damages in this

case if there was any substantial evidence to support that verdict.

As held in *Medford National Bank v. Blanchard,* 136 Or 467, 473, 299 P 301 (1931), also an action for fraud:

> "In considering whether the testimony upon the question of damages justified the court in submitting the case to the jury, it must be remembered that, if the testimony tends to prove that plaintiff has suffered damages, it is for the jury to ascertain the amount thereof."

To the same effect, see *Zobrist v. Estes,* 65 Or 573, 577, 133 P 644 (1913), also another fraud case.

■ Where, as in this case, a used car dealer makes false and fraudulent representations which induce a person to purchase a used car which he otherwise would not have purchased, as the jury found in this case, such a purchaser is entitled to recover as damages for such a fraud the difference, if any, between the purchase price paid and the actual market value of the used car. To deny such recovery to the plaintiff in this case would not only encourage fraudulent representations by used car dealers, but would be contrary to what this court has previously held to be a proper measure of damages in such cases.

■ Defendant's final contention is that "[a] misrepresentation that the automobile had been Ron Tonkin's personal car does not warrant the allowance of $4,500 in punitive damages." Be that as it may, the jury also made a special finding in this case (in response to question No. 2) that defendant represented that this car had not previously been sold to anyone else, when in fact it had been sold to and repossessed from two previous purchasers. The jury also found (in

response to question No. 5) that this misrepresentation was made "maliciously, willfully, or wantonly or so recklessly as to imply a disregard of social obligation." We hold that this special finding was supported by substantial evidence and, under the facts and circumstances of this case, provided a proper basis for an award of punitive damages. Cf. *Osborn v. Teague Chevrolet,* 254 Or 486, 489-90, 459 P2d 988 (1969).

For these reasons, we affirm the verdict and judgment for the plaintiff in this case.[4]

---

[4] Because of our holding that there was evidence to support the verdict of the jury for general damages, it is not necessary to consider plaintiff's contention that defendant has attempted improperly to appeal from the denial of its motion for a new trial. But see Clarizo v. Spada Distributing Co., Inc., 231 Or 516, 521, 373 P2d 689 (1962).