**Frank SHANNON, Plaintiff,**

v.

**POTTER DISTILLERIES, INC., a Delaware corporation; Potter Distilleries Ltd., a foreign corporation; International Potter Distilling Corporation, a foreign corporation; Pacific Western Brewing Co. Ltd., a foreign corporation; and Frank Terry, Defendants.**

**Civ. No. 87–271–FR.**

United States District Court,
D. Oregon.

Sept. 22, 1987.

Richard C. Busse, Portland, Or., for plaintiff.

Stephen J. Doyle, Schwabe, Williamson & Wyatt, Portland, Or., for defendants.

## OPINION

FRYE, Judge:

Defendants, Potter Distilleries, Inc. (Potter Inc.), Potter Distilleries Ltd., (Potter Ltd.), International Potter Distilling Corporation (International), Pacific Western Brewing Co. Ltd. (Pacific), and Frank Terry, move the court pursuant to Fed.R.Civ. P. 12 to dismiss plaintiff, Frank Shannon's, complaint against them on the ground that it fails to state a claim upon which relief can be granted.

In the alternative, defendants move to strike plaintiff's request for punitive damages in the second and fourth claims for relief on the ground that punitive damages are not awardable in the State of Oregon for an alleged tort based on speech.

## BACKGROUND

This is an action brought under section 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b), and section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), as well as common law claims for intentional interference with economic relations, constructive discharge, intentional misrepresentation, and breach of contract. Plaintiff alleges that he was employed by defendant Potter Distilleries, Inc. and/or Potter Distilleries Ltd. for ten years from August 16, 1976 until August 16, 1986 as its Oregon sales manager.

Plaintiff alleges:

7. On or about July 10, 1986 Plaintiff was informed by Mr. Tom Sterling, the manager to whom Plaintiff reported at that time, that he would be mandatorily retired on August 16, 1986 because that was the date of his 65th birthday.

8. When Plaintiff learned of this news he protested that policy. Subsequently, Plaintiff was told by Mr. Sterling that the mandatory age 65 retirement policy was not in accordance with United States laws. He was told he could stay on although he did not want him to stay and his employment with Defendant Potters would be reviewed in 30 days.

Plaintiff seeks back pay including retroactive fringe benefits, front pay, or in the alternative reinstatement, reimbursement for expert witness fees, and reasonable attorney fees.

## APPLICABLE STANDARD

A motion for judgment on the pleadings under Fed.R.Civ.P. 12 is designed to provide a means of disposing of a case when the material facts are not in dispute, and a judgment on the merits can be achieved by focusing on the content of the pleadings and any fact of which the court will take judicial notice. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1367 (1969). The court should dismiss a case for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

International and Pacific first argue that the complaint fails to state a claim against them because plaintiff has not alleged that he was employed by either International or Pacific.

■ Plaintiff contends that International may be held liable for the claims asserted against it as a successor corporation. Plaintiff has alleged that he was an employee of Potter Inc. and/or Potter Ltd. and that Pacific and Potter Ltd. were amalgamated as International after the time of plaintiff's employment. The court deems plaintiff's allegations adequate as against International.

■ As for Pacific, the only claim plaintiff has asserted against Pacific is intentional interference with economic relations. It is not necessary for plaintiff to allege that he was employed by Pacific in order to state a claim for intentional interference with economic relations. Defendants International and Pacific's first motion to dismiss is denied.

### First Claim for Relief

■ Defendants move to dismiss plaintiff's first claim for relief on the ground that plaintiff has failed to allege that the Age Discrimination in Employment Act (ADEA) was violated.

The ADEA, 29 U.S.C. § 623(a)(1), states:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

Plaintiff has alleged that he was told that his employment would be reviewed in thirty days because of his age. Plaintiff asserts that this review was a change in terms and conditions of employment because of his age. Under the ADEA, it is unlawful for an employer to discriminate against any individual with respect to the

terms or conditions of his employment because of age. Plaintiff has adequately alleged a change in terms and conditions of employment because of age. Defendants' motion to dismiss plaintiff's first claim for relief is denied.

### Second Claim for Relief

■ Defendants move to dismiss plaintiff's second claim for intentional interference with economic relations on the ground that plaintiff voluntarily terminated his employment. Plaintiff alleges that Sterling, while employed by and/or acting on behalf of defendant Pacific, interfered with his employment relationship with defendant Potters by discriminating against him on the basis of age.

Conduct by a third party which forces a person to abandon his or her employment relationship with an employer may amount to the tort of intentional interference with economic relations. *Lewis v. Oregon Beauty Supply Co.*, 302 Or. 616, 622–23, 733 P.2d 430 (1987).

In *Lewis*, plaintiff began dating her supervisor's son, Scott, who also worked for Oregon Beauty Supply Company (OBSC). After plaintiff decided to date other men, Scott began treating her in a hostile manner at work. The Court of Appeals described Scott's behavior and the employer's conduct as follows:

> Several times daily, he stood outside her office and "glared" at her. He told co-workers that she was a drug addict and that she had given him a venereal disease. He cursed her, called her a whore, searched her personal belongings and threw things at her. He intentionally slammed a door into her. He refused to cooperate with her when she needed information from him about shipping and receiving to do her job. There also was evidence that Scott would "fling" paperwork and sample merchandise into her office. He told other employes [sic] that she would not be working at OBSC much longer.
>
> Plaintiff complained to Lawrence. He agreed to talk to his son about the problem. When the harassment continued, plaintiff complained to another supervisor. That supervisor was already aware of the problem. She also agreed to talk to Scott. After doing so, the supervisor was "in tears." The next week, she quit her job. Plaintiff met with Lawrence again. He informed her that Scott was going to continue working at OBSC and that, if she did not like it, she could quit. Still, he discouraged her from quitting and, again, said that he would talk to his son. Nevertheless, the harassment continued. About six months after the harassment began, plaintiff asked Lawrence for time off to look for another job. She also asked him to keep Scott away from her. Lawrence told her that it would be best if she quit. She did so and then brought this action against OBSC, Scott and Lawrence for interference with her employment relationship and outrageous conduct.

*Lewis v. Oregon Beauty Supply Co.*, 77 Or.App. 663, 665–66, 714 P.2d 618 (1986), modified on other grounds, 302 Or. 616, 733 P.2d 430 (1987).

The Court of Appeals concluded that while plaintiff had voluntarily terminated her employment, a claim for intentional interference with her employment relationship could be maintained because she was in effect constructively discharged. The Court of Appeals concluded that:

> In this case, the jury was entitled to find from the evidence that plaintiff was subjected to extraordinarily difficult and onerous working conditions. The harassment by Scott, his interference with her job performance and the refusal of her supervisors to do anything to remedy the situation presented her with working conditions so intolerable that any reasonable person in her position would have felt compelled to quit. Plaintiff, in order to recover, was not required to bear the considerable emotional distress from intolerable circumstances until she was discharged.

*Lewis*, 77 Or.App. at 669, 714 P.2d 618.

Here, plaintiff has alleged that Sterling told him that he could stay on the job although he did not want him to stay, and that his employment would be reviewed in thirty days. While the court concludes that this may represent a change in terms

and conditions of employment because of his age, the alleged conduct does not amount to extraordinarily difficult and onerous working conditions so intolerable that any reasonable person in his position would have felt compelled to quit. *Lewis,* 77 Or.App. at 669, 714 P.2d 618. Defendants' motion to dismiss plaintiff's second claim for relief is granted.

*Punitive Damages*

Defendants seek to dismiss plaintiff's prayer for punitive damages under plaintiff's claim for intentional interference with economic relations. In that this claim has been dismissed, defendants' motion to dismiss the claim for punitive damages is rendered moot.

*Third Claim for Relief*

Defendants move to dismiss plaintiff's third claim for wrongful discharge on the ground that plaintiff has failed to plead any facts establishing that he was forced to quit. Because the court has determined that plaintiff's complaint fails to adequately state facts which amount to a constructive discharge, defendants' third claim for wrongful discharge is granted.

*Fourth Claim for Relief*

█ Defendants move to dismiss plaintiff's fourth claim for intentional misrepresentation on the ground that it is preempted by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq.

Plaintiff asserts that ERISA does not preempt this claim because 1) he had no retirement plan with his employer, and 2) the civil enforcement provisions of ERISA do not apply to someone who is not a beneficiary, fiduciary or participant of a retirement plan.

The court finds that ERISA does not bar plaintiff's fourth claim in that plaintiff alleges that he had no retirement plan with his employer. Defendants' motion to dismiss plaintiff's fourth claim is denied.

*Punitive Damages*

█ Defendants seek to strike plaintiff's claim for punitive damages under his claim for intentional misrepresentation because it is based on speech. However, punitive damages may be awarded for intentional misrepresentation which involves speech. *See Otte v. Ron Tonkin Chevrolet Co.,* 264 Or. 265, 274–75, 503 P.2d 716 (1973), and *Christofferson v. Church of Scientology,* 57 Or.App. 203, 252, 644 P.2d 577 (1982). Defendants' motion to strike punitive damages from plaintiff's fourth claim for relief is denied.

*Fifth Claim for Relief*

Defendants move to dismiss plaintiff's fifth claim for relief on the ground that it is preempted by ERISA. This motion is denied for the same reason that defendants' motion to dismiss plaintiff's fourth claim for relief is denied.

**CONCLUSION**

Defendants International and Pacific's first motion to dismiss is denied.

Defendants' motions to dismiss plaintiff's first, fourth and fifth claims for relief are denied; defendants' motions to dismiss plaintiff's second and third claims for relief are granted; defendants' motion to strike plaintiff's request for punitive damages in his second claim for relief is rendered moot; and defendants' motion to strike plaintiff's request for punitive damages in his fourth claim for relief is denied.